**CHAMPION MALL CORPORATION, Appellant,**

**v.**

**BILBO FREIGHT LINES, INC.; Southern Coatings, Inc. et al., Appellees.**

[Cite as *Champion Mall Corp. v. Bilbo Freight Lines, Inc.* (1992), 81 Ohio App.3d 611.]

Court of Appeals of Ohio,
Trumbull County.

No. 91–T–4547.

Decided July 1, 1992.

612

*Donald L. Guarnieri,* for appellant.

*Thomas J. Mayernik,* for appellees.

---

JOSEPH E. MAHONEY, Judge.

Plaintiff-appellant, Champion Mall Corporation, appeals the judgment of the trial court awarding defendants-appellees, Southern Coatings, Inc., and J.B. Hunt, Inc., $423 for attorney fees incurred as a result of appellant's frivolous conduct in informing the trial court and appellees, on the eve of trial, of its intention to voluntarily dismiss its complaint without prejudice after appellees had already incurred expenses for out-of-town witnesses and attorney fees.

Appellant filed a complaint on September 10, 1990, alleging that defendant Bilbo Freight Lines, Inc. ("Bilbo") and appellees trespassed on its property by parking their tractor-trailer trucks on appellant's property at the empty Champion Mall Plaza. Appellant sought a money judgment in the amount of $9,000 for the alleged trespass. Bilbo reached a settlement with appellant and was dismissed from the lawsuit.

Appellees denied the allegations in the complaint and demanded a jury trial. On October 25, 1990, the court mailed to the parties its order of cases assigned for jury trial for the weeks beginning on November 19, 1990 and ending November 30, 1990. On November 14, 1990, both counsel were notified that their trial would proceed on November 30, 1990.

On the afternoon of November 29, 1990, appellant informed the court that it was planning to voluntarily dismiss the matter, and the court immediately notified appellees' counsel. However, appellees' counsel had already prepared for the trial, incurred fees, and had arranged for two tractor-trailer drivers to be present in the city of Warren for the trial.

On December 6, 1990, prior to appellant filing its motion to dismiss, appellees filed a motion for expenses, costs, and attorney fees. Subsequently, on January 30, 1991, appellant filed its notice of dismissal. On February 4, 1991, appellant filed its motion opposing appellees' request for expenses, costs and attorney fees. Although the record does not expressly indicate that a hearing was conducted on appellees' motion or what evidence was presented at such hearing, both parties concede in their briefs that the trial court conducted a hearing on February 4, 1991.

On February 6, 1991, the trial court filed a judgment entry stating, "Costs of Four Hundred Twenty–Three Dollars ($423.00) allowed upon Defendants' Motion." On April 19, 1991, the trial court filed its "Findings of Fact and Law" wherein it made the following relevant findings:

"8. Plaintiff's failure to either go forward or notify defendant[s] prior to incurring the expenses for witnesses and attorney, and still reserving his [*sic*] right to refile, constituted harassment with malicious intent to injure another party to this suit.

"9. Defendants, J.B. Hunt, Inc., and Southern Coatings, Inc., have incurred economic loss, which the Court finds to be substantiated in the amount of four-hundred twenty three dollars ($423.00)."

Based on the foregoing findings and R.C. 2323.51 *et seq.*, which allows the court to award reasonable attorney fees to any party adversely affected by frivolous conduct in a civil action, the trial court awarded attorney fees to appellees in the amount of $423.

Appellant has filed a timely appeal and now presents the following assignments of error:

"1. The trial court erred in its finding of frivolous conduct based upon the appellant's Rule 41(A) dismissal.

"2. The trial court erred in its finding of damages and order of costs absent the presentation of any evidence whatsoever, to support such an award."

Under the first assignment of error, appellant argues that the trial court erred in finding that appellant's voluntary dismissal made pursuant to Civ.R. 41(A) constituted "frivolous conduct" as defined under R.C. 2323.51. We agree.

■ Initially, we note that the trial court's judgment and its findings of fact and law are inconsistent. The judgment awards "costs" of $423 while the findings of fact and law indicate that the award of $423 is for reasonable attorney fees. This award may be characterized as either "costs" under Civ.R. 41(A) or reasonable attorney fees under R.C. 2323.51, and will be analyzed on both levels.

It is evident from the record that the trial court's award of "costs" resulted from appellant's notice of its intent to voluntarily dismiss the action. Civ.R. 41(A)(1) permits the plaintiff to voluntarily dismiss the action once before trial without prejudice, unless there is a counterclaim which cannot be adjudicated independently of the action. However, upon refiling the same action, the plaintiff may be required to pay defendant the costs incurred under the previously filed action. Civ.R. 41(D).

Recently, the Ohio Supreme Court has held that costs incurred as a result of a Civ.R. 41(A)(1) dismissal do not include attorney fees. *Sturm v. Sturm* (1992), 63 Ohio St.3d 671, 590 N.E.2d 1214. See, also, *Muze v. Mayfield* (1991), 61 Ohio St.3d 173, 573 N.E.2d 1078.

*Sturm* is dispositive of the instant appeal. In *Sturm*, the plaintiff voluntarily dismissed a divorce action, pursuant to Civ.R. 41(A), and refiled exactly the same action on the very same day in a different county. The defendant filed a motion in the original court seeking attorney fees for frivolous conduct pursuant to R.C. 2323.51. The trial court granted defendant's motion and awarded attorney fees. Upon appeal, the trial court was reversed by the appellate court. The case was certified to the Supreme Court, which affirmed the court of appeals. The Supreme Court held that "Civ.R. 41(D) grants jurisdiction to award costs for a dismissal pursuant to Civ.R. 41(A)(1)(a) to the court in which the action is refiled, but such costs do not include attorney fees." *Id.* at syllabus.

The *Sturm* court found that R.C. 2323.51 was not applicable since the conduct involved occurred prior to the effective date of the statute, October 20, 1987, and the statute is prospective in application from that date. Nevertheless, the court then considered whether there was any other authority to support the awarding of attorney fees under that action. The court stated:

"While this court has repeatedly held that an award of attorney fees must be predicated upon statutory authority, in *Sorin v. Bd. of Edn.* (1976), 46 Ohio St.2d 177, 75 O.O.2d 224, 347 N.E.2d 527, we recognized a bad-faith exception to the American Rule that a prevailing party may not recover attorney fees as part of the costs of the litigation absent statutory authority for doing so. * * * " *Id.*, 63 Ohio St.3d at 675, 590 N.E.2d at 1217.

Thus, to prove the exception to the American Rule, the prevailing party must prove that the opponent acted in bad faith. However, there is no prevailing party in a Civ.R. 41(A) voluntary dismissal without prejudice, since it is not an "adjudication upon the merits." *Id.* (citing *Hensley v. Henry* [1980], 61 Ohio St.2d 277, 279, 15 O.O.3d 283, 284, 400 N.E.2d 1352, 1353). Furthermore, the court reasoned that, since the right to dismiss an action once without prejudice pursuant to Civ.R. 41(A) is absolute, even if there was a prevailing party, that party would not be able to show that the dismissal was in bad faith. The court further stated:

"Inasmuch as the right to one dismissal without prejudice is absolute under Civ.R. 41(A)(1)(a), such conduct does not permit a finding of an exception to the American Rule, *nor would such conduct be properly considered 'frivo-*

*lous' assuming, arguendo, R.C. 2323.51 was applicable."* (Emphasis added.) *Sturm, supra,* 63 Ohio St.3d at 675, 590 N.E.2d at 1217.

Based on *Sturm, supra,* and the authority cited therein, the trial court erred in awarding $423 in attorney fees to appellees as part of the costs incurred prior to appellant's Civ.R. 41(A) voluntary dismissal without prejudice. Appellant has an absolute right to one voluntary dismissal without prejudice under Civ.R. 41(A). Thus, such dismissal cannot be considered "frivolous" under R.C. 2323.51 or in bad faith so as to invoke the exception to the American Rule.

Consequently, the first assignment of error is sustained.

Under the second assignment of error, appellant contends the trial court erred in finding damages and ordering costs when no evidence was presented to prove such costs.

Both parties state that the trial court conducted a hearing on February 4, 1991; however, there is no transcript or other evidence of what occurred at such hearing in the record. Thus, in the absence of a transcript, there is nothing for this court to review with regard to that hearing, and the regularity of the trial court proceeding must be presumed.

Notwithstanding the lack of a record of such hearing, the result would be the same. Even if appellees had submitted the proper and sufficient evidence to show attorney fees and other costs, the trial court's award of same would, nevertheless, be improper for the reasons enunciated under the discussion of the first assignment of error.

The second assignment of error is overruled.

Based on the foregoing, the judgment of the trial court is reversed and judgment is entered for appellant.

Costs of this appeal are to be assessed against appellees.

*Judgment reversed.*

FORD, P.J., and NADER, J., concur.