NIELSEN, Appellant,

v.

FIRELANDS RURAL ELECTRIC COOPERATIVE, INC., Appellee.

[Cite as *Nielsen v. Firelands Rural Elec. Coop., Inc.* (1997), 123 Ohio App.3d 104.]

Court of Appeals of Ohio,
Sixth District, Huron County.

No. H–97–030.

Decided Sept. 24, 1997.

*Reese Wineman*, for appellant.

*David Harwood*, for appellee.

*Per Curiam.*

This case is before the court *sua sponte.* It has come to the court's attention that it has no jurisdiction to hear this appeal. The procedural history of this case follows.

On October 1, 1996, appellant, Mary A. Neilsen, filed a complaint against appellee, Firelands Rural Electric Cooperative, Inc. ("Firelands Electric"), alleging that Firelands Electric erected and maintained electrical distribution equipment on her land "well beyond any license granted by the plaintiff to the defendant." Neilsen alleges that as a result of this trespass, she has incurred damages.

On June 4, 1997, Firelands Electric filed a motion for partial summary judgment in which it asked the court to "grant it judgment that those facilities constructed within the Graham Road right-of-way do not constitute a trespass for which the plaintiff either is entitled to an injunction requiring their removal or, in the alternative, to payment of damages for a taking of property." Firelands Electric states that with the exception of two guy wires, one which extends approximately five and one-half feet over the right-of-way boundary line and the other which extends approximately five inches over the right-of-way boundary line, all of its equipment is located in the Graham Road right-of-way.

On July 15, 1997, the trial court judge issued the following judgment entry:

"This matter is before the Court on the defendant's Motion for Partial Summary Judgment. For reasons stated in the Court's Decision filed herewith, the Motion is well-taken.

"IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED that defendant's Motion for Partial Summary Judgment is granted."

On July 22, 1997, Neilsen filed the following notice:

"Now comes the Plaintiff by and through counsel Reese M. Wineman and notifies the Court and the Defendant's [*sic*] of the voluntary dismissal of the Complaint presently pending in this matter pursuant to Rule 41(C) of the Ohio Rules of Civil Procedure."

On August 8, 1997, Neilsen filed a notice of appeal from the July 15, 1997 judgment of the trial court.

 This court has previously held that a voluntary dismissal, without prejudice, dissolves "all interlocutory orders made by the court in that action," including a partial summary judgment. *Auto–Owners Mut. Ins. Co. v. Checker Cab, Inc.* (July 30, 1996), Lucas App. No. L–96–170, unreported (reprinted in appendix "A"), citing *Cent. Mut. Ins. Co. v. Bradford–White Co.* (1987), 35 Ohio App.3d 26, 519 N.E.2d 422. Since the July 15, 1997 judgment of the trial court was dissolved when the remainder of the case was voluntarily dismissed, without prejudice, no appeal can be taken from that order.

We note that our view of this situation is not universally held. See *Eiland v. Banker Hunter Realty* (Aug. 14, 1997), Cuyahoga App. No. 71369, unreported, in which the Eighth Appellate District held that, in a situation like the one at bar, an appeal can be taken from the summary judgment decision. The Eighth District also noted that there is a conflict over this issue among the Ohio appellate districts and certified the conflict to the Supreme Court of Ohio pursuant to Article IV, Section 3(B)(4) of the Ohio Constitution.* We join in the desire to have the Supreme Court of Ohio make a ruling on this jurisdictional issue. Accordingly, we hereby certify the record in this case to the Supreme Court of Ohio* as being in conflict with *Eiland v. Banker Hunter Realty* (Aug. 14, 1997), Cuyahoga App. No. 71369, unreported, on the following question:

"When, in a multi-defendant and/or multi-issue case, one defendant is granted summary judgment (or partial summary judgment on fewer than all the issues is granted) in a decision of the trial court which does not contain a Civ.R. 54(B) certification that there is no just reason for delay, and the remaining defendant(s)

---

* Reporter's Note: No order of certification has been filed in the Supreme Court of Ohio.

and/or issues are subsequently dismissed without prejudice, is the decision granting summary judgment dissolved or does it then become appealable?"

The parties shall proceed pursuant to S.Ct.Prac.R. IV(1). This appeal is dismissed at appellant's costs.

*Appeal dismissed.*

MELVIN L. RESNICK, P.J., HANDWORK and GLASSER, JJ., concur.

### APPENDIX A

### IN THE COURT OF APPEALS OF LUCAS COUNTY

Auto-Owners Mutual Insurance Company Appellant

v.

Checker Cab, Inc., et al. Appellees

Court of Appeals No. L–96–170

Trial Court No. 94–1022

### DECISION AND JUDGMENT ENTRY

Decided: July 30, 1996

Appellees, Jane and Mary Doe, have filed a motion to dismiss appellant Auto–Owners Mutual Insurance Company's appeal for the reason that it was not timely filed. Auto–Owners has filed a memorandum in opposition in which it contends that the appeal was timely filed. This court finds that the appeal should be dismissed, not because it was filed late, but because the judgment from which it is taken is not a final appealable order. An explanation of the procedural history of the case is necessary for an understanding of our ruling.

In December 1993, Jane Doe, individually and as next friend of Mary Doe, her minor daughter, filed a five-count complaint against Checker Cab, Inc., in connection with an alleged incident of sexual assault on Mary Doe by a driver working for Checker Cab. In April 1994, Auto–Owners Mutual Insurance Company, Checker Cab's insurance carrier, filed a declaratory judgment action against Checker Cab and Jane Doe, individually and as next friend of Mary Doe, in which it sought a determination that under the terms of the insurance contract it did not owe Checker Cab any duty to defend it or indemnify it in connection with the claims brought against Checker Cab by Jane and Mary Doe.[1] On June 21, 1994,

---

1. The Ohio Supreme Court has recently addressed this very issue in *Gearing v. Nationwide Ins. Co.* (1996), 76 Ohio St.3d 34, 665 N.E.2d 1115, and *Cuervo v. Cincinnati Ins. Co.* (1996), 76 Ohio St.3d 41, 665 N.E.2d 1121.

the trial court consolidated these two cases "for purposes of administration, but not for purposes of trial" and stayed all proceedings in the tort case "pending resolution of the complaint for declaratory judgment."

Auto-Owners and the Does filed opposing motions for summary judgment in the declaratory judgment case. In a judgment dated March 9, 1995, the trial court held that Auto–Owners has a duty to defend Checker Cab in the tort case and further held that Auto–Owners' duty to indemnify Checker Cab, if any, would be determined at trial. The trial court then denied Auto–Owners' motion for summary judgment and granted in part and denied in part the Does' motion for summary judgment. On May 19, 1995, the trial court denied Auto Owners' motion for reconsideration of the March 9, 1995 order. On March 13, 1996, Jane and Mary Doe voluntarily dismissed their claims in the tort case, without prejudice, pursuant to Civ.R. 41(A)(1)(a). On April 29, 1996, Auto–Owners filed a voluntary dismissal in the declaratory judgment case in which it dismissed "all claims against the defendants, without prejudice, not otherwise determined by the Court in its Opinion and Journal Entries of March 9 and May 19, 1995, preserving for appeal all dispositive orders and judgments entered by the Court herein." This voluntary dismissal was journalized April 30, 1996. On May 30, 1996, Auto–Owners filed its notice of appeal from the "Opinions and Judgment entries of March 9 and May 19, 1995."

Appellees, Jane and Mary Doe, filed a motion to dismiss Auto–Owners' appeal, alleging that the time for filing the notice began to run on March 13, 1996 when they dismissed, without prejudice, all claims in the tort case. Auto–Owners responded by stating that the time to file its appeal began to run on April 30, 1996, the date its dismissal of the remaining claims in the declaratory judgment action was entered on the journal. This court finds that neither appellant nor appellee is correct, as there is no final order in either the tort or the declaratory judgment case from which an appeal may be taken.

A judgment which disposes of fewer than all the claims between the parties must contain a Civ.R. 54(B) certification that "there is no just reason for delay"; otherwise, it is a nonfinal, interlocutory order "subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." Civ.R. 54(B). In the instant case, following the trial court's March 9, 1995 grant of partial summary judgment, a portion of Auto–Owners' declaratory judgment action remained pending and all of the underlying tort claims remained pending. The order granting partial summary judgment did not contain a Civ.R. 54(B) certification.

The parties' March and April 1996 dismissals without prejudice and otherwise than on the merits of the remaining claims in both the tort and declaratory

judgment actions do not render the partial summary judgment final and appealable. In fact, the dismissals without prejudice "dissolved all interlocutory orders made by the court in that action, including the summary judgment from which this appeal is taken." *Sparks v. Edingfield* (Mar. 31, 1995), Greene App. No. 94–CA–78, unreported, 1995 WL 141625. See, also, *Cent. Mut. Ins. Co. v. Bradford–White Co.* (1987), 35 Ohio App.3d 26, 519 N.E.2d 422, where this court stated:

"When the trial court renders a judgment entry without an express determination that there is no just reason for delay, and where multiple claims remain pending for adjudication, said entry is dissolved if the court subsequently enters an involuntary dismissal against the plaintiff's complaint, pursuant to Civ.R. 41(B)(1) and otherwise than on the merits. The trial court's dismissal entry is not an ' * * * entry of judgment adjudicating all the claims and all the rights and liabilities of all the parties.' Civ.R. 54(B). Accordingly, such a judgment entry does not become a final appealable order within the meaning of R.C. 2505.02 upon the involuntary dismissal, otherwise than on the merits, of the plaintiff's complaint." *Id.* at syllabus.[2]

Furthermore, following a Civ.R. 41 voluntary dismissal without prejudice, the parties are in the same position they were in before the action was filed. *Zimmie v. Zimmie* (1984), 11 Ohio St.3d 94, 11 OBR 396, 464 N.E.2d 142, and *Conley v. Jenkins* (1991), 77 Ohio App.3d 511, 602 N.E.2d 1187. Additionally, the Ohio Supreme Court has held that "[u]nless plaintiff's Civ.R. 41(A)(1)(a) notice of dismissal operates as an adjudication on the merits under Civ.R. 41(A)(1), it is not a final judgment, order or proceeding * * *." *Hensley v. Henry* (1980), 61 Ohio St.2d 277, 15 O.O.3d 283, 400 N.E.2d 1352, syllabus. Therefore, since the trial court's decision granting partial summary judgment in the declaratory judgment action was dissolved upon the dismissal of the remaining claims in that action, and since the notice of dismissal pursuant to Civ.R. 41(A)(1)(a) is itself not a final order which can be appealed, there is nothing left to appeal in this case.

Accordingly, appellee's motion to dismiss is found to be well taken and is granted. It is ordered that this appeal is dismissed at appellant's costs.

MELVIN L. RESNICK, P.J., HANDWORK and GLASSER, JJ., concur.

---

**2.** Even though *Cent. Mut. Ins. Co. v. Bradford–White Co.* dealt with a Civ.R. 41(B)(1) involuntary dismissal, we believe that the logic and holding apply equally to a Civ.R. 41(A)(1)(a) voluntary dismissal, without prejudice. It is the "without prejudice" portion of the dismissal which makes it nonfinal, since the parties can refile their claims at a later date. See *Taylor v. Cleveland* (Feb. 12, 1992), Cuyahoga App. No. 60037, unreported. Of course, this holding would not apply in a case where a party voluntarily dismisses his action with prejudice.