DECISION AND JOURNAL ENTRY
Defendant-appellant, G.M.S. Management Company, appeals an order of the Summit County Court of Common Pleas that denied a motion for attorney's fees. We affirm.
On May 7, 1997, the Ohio Civil Rights Commission (OCRC) filed a complaint against G.M.S. Management Company (G.M.S.). The complaint noted that a housing discrimination charge had been filed against G.M.S. by Mr. Charles Copeland, a prospective resident of a Copley Township apartment complex operated by G.M.S., and that after investigating the charges, OCRC found it probable that G.M.S. had engaged in discriminatory practices. It also appears that Mr. Copeland had elected to pursue an independent civil action against G.M.S. to redress these allegations and that G.M.S. filed a claim against Mr. Copeland for unpaid rent based on breach of contract.
In the context of the instant case, G.M.S. moved the trial court to transfer the case to the docket of the judge who heard the prior claims by Mr. Copeland and G.M.S. In support of that motion, G.M.S. argued that Local Rule 7.10 of the Summit County Court of Common Pleas required the transfer of a previously filed case that had been dismissed and refiled. OCRC responded in opposition to the motion, noting that OCRC had not been a party to the previous actions and that those actions were, in any event, dismissed with prejudice on the defendants' motion for summary judgment. The trial court denied the motion.
On March 8, 1999, the trial court denied G.M.S. leave to move for summary judgment. On March 15, 1999, OCRC voluntarily dismissed the action pursuant to Civ.R. 41(A)(1)(a). Following the dismissal, G.M.S. moved to recover attorney's fees pursuant to R.C. 2323.51, citing frivolous conduct by OCRC in bringing claims that were unwarranted by law. On September 15, 1999, the trial court denied the motion. G.M.S. timely appealed. It has advanced five assignments of error in support of this appeal, which are consolidated for ease of disposition.
ASSIGNMENT OF ERROR I
 The trial court committed reversible [error] by failing to find [G.M.S.] is an eligible party under R.C. 2335.39[.]
ASSIGNMENT OF ERROR II
 The trial court committed reversible [error] by failing to find [G.M.S.] is a "prevailing party" under R.C. 2335.39[.]
ASSIGNMENT OF ERROR III
 The trial court committed reversible [error] by failing to find [OCRC's] conduct was not substantially justified[.]
ASSIGNMENT OF ERROR IV
 The trial court committed reversible error by not declaring that the R.C. Chapter 4112 action below was not sub[j]ect to the R.C. 2335.39(F) prohibition barring recovery of attorney fees in "civil actions that invol[v]e torts."
ASSIGNMENT OF ERROR V
 The trial court committed reversible error by not complying with the mandatory procedures prescribed by R.C. 2323.51 including, without limitation, conduc[t]ing a hearing.
 Although the trial court's judgment denying attorney's fees in this case stated only that "[u]pon consideration thereof, this Court finds the motion is not well-taken," G.M.S.'s assignments of error purport to assign error in the trial court's analysis of specific legal issues arising under R.C. 2323.51 and 2335.39. The assignments of error, therefore, invite us to find reversible error in the trial court's failure to address those issues that G.M.S. considered indispensable. Because we agree with the trial court's determination that G.M.S. was not eligible for an award of attorney's fees under the plain language of the statutes, we decline to do so.
A case that has been voluntarily dismissed is treated as though it had never been filed. Zimmie v. Zimmie (1984), 11 Ohio St.3d 94,95. The parties are returned to the position they were in prior to commencement of the action. Nielsen v. FirelandsRural Elec. Coop. (1997), 123 Ohio App.3d 104, 109. Consequently, a dismissal pursuant to Civ.R. 41(A) does not adjudicate the merits of a claim and does not produce a prevailing party. SeeChampion Mall Corp. v. Bilbo Freight Lines, Inc. (1992),81 Ohio App.3d 611, 615.
R.C. 2335.39 permits the trial court to award compensation for fees incurred by a prevailing party in an action involving the state after final judgment upon a finding that the state's position in the action was not substantially justified. Appellate review of a trial court's determination pursuant to R.C. 2335.39
is subject to an abuse of discretion standard. See R.C.2335.39(B)(2)(b). Because this case was dismissed without prejudice pursuant to Civ.R. 41(A)(1), neither party "prevailed" within the meaning of R.C. 2335.39, and G.M.S. could not be eligible for attorney's fees based on that disposition. Accordingly, the trial court's determination in this matter did not constitute an abuse of discretion.
R.C. 2323.51(B)(1)[1] permits the award of attorney's fees to any party to a civil action who has been adversely affected by frivolous conduct. "While a voluntary dismissal under Civ.R. 41(A)(1) generally divests a court of jurisdiction, * * * a hearing on sanctions is considered collateral to the underlying proceedings, and a trial court therefore retains jurisdiction for the limited purpose of applying Civ.R. 11 and R.C. 2323.51." (Alteration in original.) Baker v. USS/Kobe Steel Co. (Jan. 5, 2000), Lorain App. No. 98CA007151, unreported, at 3, quoting Lewisv. Celina Fin. Corp. (1995), 101 Ohio App.3d 464, 470. However, the Ohio Supreme Court has held that "a trial court may not take any action that allows prejudice to flow from the plaintiff's first voluntary dismissal." Indus. Risk Insurers v. Lorenz Equip.Co. (1994), 69 Ohio St.3d 576, 579. "Inasmuch as the right to one dismissal without prejudice is absolute under Civ.R. 41(A)(1)(a), such conduct * * * [would not] be properly considered `frivolous'" under R.C. 2323.51. Sturm v. Sturm (1992), 63 Ohio St.3d 671,675. Accordingly, "the filing of a voluntary dismissal does not divest the trial court of jurisdiction over a motion for sanctions so long as that motion does not seek to penalize a party for exercising his absolute right to dismiss an action." State exrel. J. Richard Gaier Co., L.P.A. v. Kessler (1994), 97 Ohio App.3d 782,785.
G.M.S. seeks to sanction OCRC for frivolous conduct in bringing the instant action. However, it appears that the conduct that G.M.S. considers frivolous is OCRC's voluntary dismissal. Because a voluntary dismissal under Civ.R. 41(A)(1)(a) may not be sanctioned as frivolous conduct under R.C. 2323.51, the trial court did not err by denying G.M.S.'s motion.
G.M.S.'s assignments of error are overruled. The judgment of the trial court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ________________ LYNN C. SLABY
BATCHELDER, P.J., BAIRD, J., CONCUR.
[1] R.C. 2323.51 was amended, effective January 27, 1997, by Am.Sub.H.B. No. 350. The Ohio Supreme Court has concluded that Am.Sub.H.B. No. 350 is unconstitutional in toto. State ex rel.Ohio Academy of Trial Lawyers v. Sheward (1999), 86 Ohio St.3d 451, paragraph three of the syllabus. Accordingly, all references to R.C. 2323.51 shall be understood to refer to the prior version, in effect as of January 5, 1987.