DECISION
Plaintiffs-appellants, Michael T. Shannon, Administrator of the Estate of Eric Tong, Juming Tong, and decedent's mother, appeal from the November 3, 1999 judgment of the Franklin County Court of Common Pleas granting the motion to dismiss of defendant-appellee, Virginia Wilcox, and from the January 14, 2000 decision and entry denying appellants' revised motion to compel filed December 7, 1999, rendering moot appellants' motion to compel defendant-appellee, Kelly Lane, to respond to discovery filed December 7, 1999, and also rendering moot appellants' motion to compel Kelly Lane to answer deposition questions over objection filed December 20, 1999.
This action arose out of an incident that occurred during a party thrown by defendant-appellee Kristen Gaal while her parents, defendants-appellees Peter and Lisa Schiller, were on vacation. Decedent Eric Tong became involved in an altercation with one or more of the attendees at the party, was cut in the neck with a knife, and subsequently died. Appellants filed a complaint on August 14, 1998 against Lisa and Peter Schiller, Virginia Wilcox, Kristen Gaal, and twenty-one other named defendants and seventy-five John Doe defendants, alleging, inter alia, wrongful death, negligent entrustment, furnishing intoxicating liquor to an underage person in violation of R.C. 4301.69, engaging in a civil conspiracy, engaging in a corrupt activity, obstruction of justice, intentional infliction of emotional distress, and negligent infliction of emotional distress.
Lisa Schiller was deposed on November 10, 1999. Schiller, claiming attorney-client privilege, refused to answer questions about what occurred at a meeting she attended with her daughter Kristen Gaal, Kristen's attorney, and Kristen's stepfather Peter Schiller. Although Peter Schiller's deposition has not been made part of the record, the trial court indicated that Peter Schiller also refused to answer questions about those meetings. Appellants filed a motion to compel on December 7, 1999, which Gaal and the Schillers opposed. The trial court denied the motion on January 14, 2000, holding that there was no waiver of the attorney-client privilege by virtue of Gaal, a minor, having her mother and stepfather present during the meeting with her lawyer.
Virginia Wilcox was also a named defendant in the original complaint. On November 16, 1998, Wilcox filed for bankruptcy protection in the United States Bankruptcy Court, Southern District of Ohio, Eastern Division. On November 25, 1998, Wilcox filed a "Notification of Filing under Bankruptcy Code and Suggestion of Stay." The certificate of service indicates the notification was served upon Michael Shannon, Administrator of the Estate of Eric Tong, that same day. On July 27, 1999, Wilcox filed a motion to dismiss, appending to her motion a copy of a notice of discharge. Appellants did not respond to the motion to dismiss, and the trial court issued a decision granting the motion on September 1, 1999, and a journal entry of dismissal on November 3, 1999.
Kelly Lane, a named defendant and an attendee at the party, was deposed on December 20, 1999. Lane refused to answer nearly every question posed to her, asserting her Fifth Amendment right against self-incrimination. Appellants filed a motion to compel on December 20, 1999, and Lane responded with a memorandum contra on December 30, 1999. Appellants then voluntarily dismissed Lane as a defendant in the case on January 3, 2000. The trial court found that appellants' motion to compel was moot in light of the dismissal of Lane and denied the motion in a decision and entry filed on January 14, 2000.
Other defendants were voluntarily dismissed or the trial court entered summary judgment in their favor. On February 14, 2001, the trial court issued a decision and entry on damages with respect to the remaining defendants who were found in default.
On March 14, 2001, appellants filed a notice of appeal from the January 14, 2000 entry and the November 3, 1999 judgment entry, assigning as error the following:
 I. The trial court erred in ruling against the Plaintiff-Appellants on the following three issues below:
 [1.] The trial court erred in ruling that counsel for Plaintiff-Appellants could not inquire of Peter Schiller about communications between Kristen Gaal and her attorney when Schiller was present during said meetings.
 [2.] The trial court judge erred in dismissing Virginia Wilcox as a party-defendant in this case when the bankruptcy court acquired sole jurisdiction over Wilcox's case by virtue of the filing of her voluntary Chapter 7 bankruptcy petition and Plaintiff-Appellants' first notice of same was received after Wilcox had already received her discharge.
 [3.] The trial court erred in permitting Kelly Lane to claim a blanket Fifth Amendment privilege, and in not addressing this issue brought in a Motion to Compel; though Kelly Lane has been voluntarily dismissed from the suit, she remains a key witness and should be compelled to answer relevant questions about the events surrounding the murder of Eric Tong.
Before addressing the merits of assignments of error one and three, we first must determine whether we are presented with a final appealable order within the court's jurisdiction. On April 17, 2001, appellants voluntarily dismissed Kelly Lane, Kristen Gaal, Peter Schiller, and Lisa Schiller under Civ.R. 41(A). The voluntary dismissal of these parties to the suit leaves the parties as if no action had been brought. See Denham v. New Carlisle (1999), 86 Ohio St.3d 594, 596 (voluntary dismissal of remaining parties to suit does leave the parties as if no suit had been brought, but only with regard to the parties who were voluntarily dismissed from the action). Since the Schillers, Kristen Gaal, and Kelly Lane are no longer parties in the underlying matter, and there is no case pending against them, this court may not address these matters as all the claims against these defendants were dismissed. See Nielsen v. Firelands Rural Elec. Coop., Inc. (1997), 123 Ohio App.3d 104, 106 (a voluntary dismissal, without prejudice, dissolves all interlocutory orders made by the court in that action); see, also, Ohio Dept. of Adm. Serv. v. Robert P. Madison Internatl., Inc. (2000), 138 Ohio App.3d 388, 397-398. Consequently, this court has no basis for ruling on the matters assigned as assignments of error one and three. Accordingly, appellants' appeal, insofar as its first and third assignments of error are concerned, must be dismissed. Defendant-appellee Kristen Gaal's June 19, 2001 motion to dismiss appellants' first assignment of error is therefore granted. In light of our decision to grant Gaal's motion to dismiss, appellants' July 12, 2001 motion to strike the brief of Kristen Gaal is denied as moot.
In their second assignment of error, appellants argue the trial court erred in dismissing Virginia Wilcox from the lawsuit as they never received any notice of the bankruptcy prior to the discharge being granted. Appellants allege that "[n]o notice of this filing was provided to any of the potential creditors, Michael T. Shannon (Adm'r. of Estate), Juming Tong (Plaintiff), nor to Kevin J. O'Brien (Attorney for Plaintiffs-Appellants)." (Appellants' brief at 9.) The record indicates otherwise. As discussed previously, on November 25, 1998, Wilcox filed a "Notification of Filing under Bankruptcy Code and Suggestion of Stay." The certificate of service indicates the notification was served upon Michael Shannon, Administrator of the Estate of Eric Tong, that same day. On July 27, 1999, Wilcox filed a motion to dismiss and served appellants' counsel, appending to her motion a copy of her notice of discharge. Appellants did not respond to the motion to dismiss, and the trial court issued a decision granting the motion on September 1, 1999 and a journal entry of dismissal on November 3, 1999.
The trial court, having been placed on notice that Virginia Wilcox had been discharged in bankruptcy and receiving no response from appellants, properly dismissed her from the action. Appellants must pursue any potential remedies in bankruptcy court. The second assignment of error is not well-taken and is overruled.
Based on the foregoing, appellants' first and third assignments of error are dismissed, and the second assignment of error is overruled; appellants' motion to strike the brief of appellee Kristen Gaal is moot, and therefore denied, and appellee Kristen Gaal's motion to dismiss appellants' first assignment of error is granted.
Judgment affirmed; motion to strike brief of appellee Kristen Gaal is moot and therefore denied; appellee Kristen Gaal's motion to dismiss appellants' first assignment of error is granted.
BOWMAN and PETREE, JJ., concur.