CITY OF MEDINA

v.

OSIECKI.

2009-Ohio-5574.]

Medina Municipal Court.

Nos. 08 CRB 00218 and 08 TRD 01583.

Decided Aug. 12, 2009.

Arthur E. Foth, Medina City Prosecuting Attorney, for plaintiff.

Charles E. McFarland, for defendant.

CHASE, Judge.

{¶ 1} This matter is before the court on the defendant's motion for an order granting him attorney fees for a defense against a charge of improper transport of a firearm.

{¶ 2} R.C. 9.68 provides: "(A) The individual right to keep and bear arms, being a fundamental individual right that predates the United States Constitution and Ohio Constitution, and being a constitutionally protected right in every part of Ohio, the general assembly finds the need to provide uniform laws throughout the state regulating the ownership, possession, purchase, other acquisition, transport, storage, carrying, sale, or other transfer of firearms, their components, and their ammunition. Except as specifically provided by the United States Constitution, Ohio Constitution, state law, or federal law, a person, without further license, permission, restriction, delay, or process, may own, possess, purchase, sell, transfer, transport, store, or keep any firearm, part of a firearm, its components, and its ammunition. (B) In addition to any other relief provided, the court shall award costs and reasonable attorney fees to any person, group, or

entity that prevails in a challenge to an ordinance, rule, or regulation as being in conflict with this section."

{¶ 3} The statute does not define "prevails."

{¶ 4} The procedural history of this case is important to the decision concerning the issue before the court. On February 17, 2008, the defendant, David Osiecki, was cited by the Medina City Police Department for three separate charges: operating a vehicle on a closed road in violation of Medina Codified Ordinances ("M.C.O.") 331.26, failing to use a turn signal in violation of M.C.O. 331.14, and improper transportation of a firearm in violation of M.C.O. 549.04(b)(2).

{¶ 5} On July 8, 2008, the defendant filed a motion to dismiss the charge of violating M.C.O. 549.04(b)(2), improper transportation of a firearm. The defense asserted that R.C. 9.68 "preempts all local municipal firearm ordinances" and cited in support thereof *Ohioans for Concealed Carry, Inc. v. Clyde,* 6th Dist. Nos. S–06–039 and S–06–040, 2007-Ohio-1733, 2007 WL 1098347, ¶ 12, which held: "[L]ocal ordinances which *further restrict* the places in which a person may legally carry a concealed weapon are invalid." (Emphasis added.)

{¶ 6} The motion seeks to cite legislative history based on an Ohio Legislative Service Commission final analysis of Sub.H.B. 347. Legislative history is not generally recognized in Ohio, and the courts in Ohio are required to interpret statutes based upon the actual language of the statute.

{¶ 7} The city of Medina responded that M.C.O. 549.04(b) is identical to R.C. 2923.16(C) both in language and in punishment. The city argued that pursuant to the Home Rule Amendment of the Ohio Constitution, the Medina city ordinance is not in conflict with the general laws of the state of Ohio because it is identical to the state statute.

{¶ 8} The defendant filed a reply to the city's response, and the city filed a rebuttal to the defendant's reply to the city's response. The defendant then filed a reply to the city's rebuttal of the defendant's reply to the city's response. R.C. 9.68 took effect February 14, 2008, three days before the defendant was cited in this case.

{¶ 9} At the time the defendant was charged with improper transportation of a firearm in a vehicle, R.C. 2923.16(F)(4)(c) provided that the restrictions on transporting a firearm in a motor vehicle for individuals with concealed-carry permits did not apply if "[e]ither the handgun is in a holster and in plain sight on the person's person or the handgun is securely encased by being stored in a closed, locked glove compartment or in a case that is in plain sight and that is locked."

{¶ 10} At the time the defendant was charged with the illegal transport of a firearm in a motor vehicle under the Medina city ordinance, that ordinance further stated that the restrictions did not apply to individuals with concealed-carry permits if "[e]ither the handgun is in a holster and in plain sight on the person's person or the handgun is securely encased by being stored in a closed, locked glove compartment or in a case that is in plain sight and that is locked."

{¶ 11} The state code and the Medina city ordinance were identical as to the protection afforded by proper compliance with the Ohio concealed-carry law. While the case was pending, the state code section was amended by the Ohio Legislature. 2007 Ohio S.B. 184. The effective date of the amendment was September 9, 2008. The amendment deleted the word "locked" from this statute and inserted the language "or vehicle console" after glove compartment.

{¶ 12} The police report submitted into evidence in this case in support of the defendant's motion describes the encounter with this defendant in the words of the police officer involved as follows: "I asked for his driver's license and insurance card. He handed me the OL and his CCW permit. I asked him if he was carrying his weapon on him and he stated no. I asked if it was in the vehicle and he stated that it was. I asked where and he said that it was in the dash. He then opened a compartment in the dash that was less than arms length from him. Inside was a semi-automatic pistol and laying beside it was the magazine, clearly loaded w/ammo."

{¶ 13} The criminal case involving the charge of improper transport of a firearm in this case is case No. 08CRB00218. On November 14, 2008, while the defendant's motion to dismiss was pending, the state of Ohio filed a motion to dismiss the criminal case, stating: "The reason for this request is there has been a change in R.C. 2923.16 which inures to the defendant's benefit. This statutory change took effect on September 09, 2008.

{¶ 14} "Wherefore, State of Ohio moves to dismiss the above captioned case at State's costs."

{¶ 15} The court granted this motion to dismiss on December 2, 2008. In essence, the city of Medina sought dismissal of the improper-transport-of-a-firearm charge because the state law, upon which the Medina city ordinance was patterned, had changed and had removed the requirement that the glove compartment be locked as opposed to merely closed. Although the law in effect at the time the defendant was cited required that the glove compartment be closed and locked, the city chose to exercise its discretion because the change in the law occurred while the case was pending and was to the benefit of the defendant.

{¶ 16} "A prevailing party does not exist when a claim is voluntarily dismissed. See *Sturm v. Sturm* (1992), 63 Ohio St.3d 671, 675, 590 N.E.2d 1214;

*Miami Valley Hosp. v. Payson* (Dec. 7, 2001), Montgomery App. No. 18736, 2001 WL 1562103;" *Hansel v. Creative Concrete & Masonry Constr. Co.* (2002), 148 Ohio App.3d 53, 772 N.E.2d 138.

{¶ 17} "A case that has been voluntarily dismissed is treated as though it had never been filed. *Zimmie v. Zimmie* (1984), 11 Ohio St.3d 94, 95, 11 OBR 396, 464 N.E.2d 142. The parties are returned to the position they were in prior to commencement of the action. *Nielsen v. Firelands Rural Elec. Coop.* (1997), 123 Ohio App.3d 104, 109, 703 N.E.2d 807. Consequently, a dismissal pursuant to Civ.R. 41(A) does not adjudicate the merits of a claim and does not produce a prevailing party. See *Champion Mall Corp. v. Bilbo Freight Lines, Inc.* (1992), 81 Ohio App.3d 611, 615, 611 N.E.2d 969;" *Ohio Civ. Rights Comm. v. GMS Mgt. Co., Inc.* (June 28, 2000), Summit App. No. 19814, 2000 WL 840495.

{¶ 18} This court finds that the defendant does not prevail in a case in which there is no finding of not guilty or where there is no finding in favor of a defendant's motion to dismiss a complaint.

{¶ 19} This court finds that a dismissal by the state of Ohio prior to adjudication does not create a situation in which a defendant prevails in a criminal proceeding.

{¶ 20} The motion for attorney fees is denied.

So ordered.