[Cite as *DeWalt v. Tuscarawas Cty. Health Dept.*, 2012-Ohio-5294.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| DEBORAH DEWALT | JUDGES:<br>Hon. Patricia A. Delaney, P.J. |
|     Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Julie A. Edwards, J. |
| -vs- | |
| TUSCARAWAS COUNTY HEALTH<br>DEPARTMENT, et al. | |
|     Defendant-Appellant<br>and | Case No. 2012 AP 05 0031 |
| ADMINISTRATOR, BUREAU OF<br>WORKERS' COMPENSATION | |
|     Defendant-Appellee | O P I N I O N |

CHARACTER OF PROCEEDING:      Civil Appeal from the Court of Common
Pleas, Case No.  2007 CW 01 0006

JUDGMENT:      Dismissed

DATE OF JUDGMENT ENTRY:      November 14, 2012

APPEARANCES:

For Plaintiff-Appellee DeWalt      For Defendant-Appellant

A. JAMES TSANGEOS      STEVEN G. THOMAKOS
LONAS, MCGONEGAL, TSANGEOS      221 Front Avenue, SW
& STRUHAR      Post Office Box 944
1810 - 36th Street, NW      New Philadelphia, Ohio  44663
Canton, Ohio  44709-2739

For Defendant-Appellee BWC

SUSAN BERES
ASSISTANT ATTORNEY GENERAL
615 West Superior Avenue, 11th Floor
Cleveland, Ohio  44113-1899

*Wise, J.*

**{¶1}**    Defendant-Appellant Tuscarawas County Health Department appeals Appellee Deborah DeWalt's April 3, 2012, Notice of Dismissal without prejudice of her complaint/petition.

## STATEMENT OF THE FACTS AND CASE

**{¶2}**    In 1990, Appellee Deborah Dewalt began working for Appellant Tuscarawas County Health Department as a processing clerk. On April 11 and April 12, 1996, Appellant installed battery operated aerosol dispensers in eight (8) separate bathrooms. The dispensers were programmed to dispense a compressed aerosol every fifteen (15) minutes. The aerosol deodorizer was called "AERO-MIST" and contained acetone, liquid petroleum, and fragrance. The Material Data Safety Sheet for the deodorizer contained warnings that "inhalation may cause shortness of breath, dizziness and light headedness: ingestion may cause chemical pneumonitis if aspired into lungs."

**{¶3}**    Shortly after the bathroom deodorizers were installed, Appellee began to experience symptoms. On June 27, 2006, Appellee was sprayed with one of the automatic deodorizers which caused severe respiratory distress, making it difficult to breathe and affecting her lungs, tongue, lips, and eyes. The following day, Appellee had a severe respiratory reaction when she inhaled a deodorizer from one of the bathrooms as she passed in the hallway. This exposure made Appellee sick and short of breath again. Appellee was taken to the emergency room at Union Hospital, presenting with a history of breathing an automatic spray deodorizer substance and being very short of

breath and coughing from a reaction on the previous day. Appellee was diagnosed with "mild chemical pneumonitis".

**{¶4}** On June 28, 2006, Appellee Deborah Dewalt filed a claim with the Bureau of Workers' Compensation ("BWC"), designated as Claim No. 06-839815, for chemical pneumonitis, which was allowed by the Industrial Commission of Ohio ("ICO").

**{¶5}** On January 5, 2007, Appellant Tuscarawas County Health Department filed its Notice of Appeal with the Tuscarawas County Court of Common Pleas designated as Case No. 2007-CW-01-0006, appealing the order of the ICO allowing Appellee's claim for chemical pneumonitis. ("Appeal One").

**{¶6}** On February 1, 2007, Appellee Dewalt filed her Complaint, as required by R.C. §4123.512.

**{¶7}** On January 29, 2007, Appellee filed a motion with the ICO to have her claim further allowed for occupational asthma. The ICO granted Appellee's motion for the additional condition.

**{¶8}** On July 16, 2007, Appellant filed a separate Notice of Appeal with the Tuscarawas County Court of Common Pleas, designated as Case No. 2007-CW-07-0515, appealing the order of the ICO allowing Appellee's claim for occupational asthma. ("Appeal Two").

**{¶9}** On August 9, 2007, Appellee filed her Complaint, pursuant R.C. §4123.512.

**{¶10}** On October 3, 2007, Appellee filed a motion to consolidate Appeal Two into Appeal One. The trial court denied the motion to consolidate.

{¶11} A jury trial in Appeal One seeking solely the condition of chemical pneumonitis, resulted in a hung jury on November 14, 2007.

{¶12} On January 11, 2008, Appellee filed her second motion to consolidate. On March 19, 2008, the trial court granted the motion to consolidate, thereby consolidating Appeal Two (occupational asthma) into Appeal One (chemical pneumonitis).

{¶13} On March 9, 2010, Appellee filed a second motion with the ICO to have her claim further allowed for toxic encephalopathy. The ICO granted Appellee's motion for the additional condition.

{¶14} On December 8, 2010, Appellant filed a third Notice of Appeal with the Tuscarawas County Court of Common Pleas, designated as Case No. 2010-CW-12-1357, appealing the order of the ICO allowing Appellee's claim for toxic encephalopathy. ("Appeal Three").

{¶15} On December 29, 2010, Appellee filed her Complaint, pursuant to R.C. §4123.512.

{¶16} On April 6, 2011, the trial court issued an order consolidating Appeal Three (toxic encephalopathy) with Appeals One and Two.

{¶17} A second trial was set for April 3, 2012.

{¶18} On March 22, 2012, Appellee filed a motion to continue the trial due to Appellee's medical expert being unavailable for trial. The trial court denied the continuance.

{¶19} On March 29, 2012, Appellee filed a motion to sever Appeal Three (toxic encephalopathy) from Appeal One (chemical pneumonitis). Appellee's motion to sever was argued before the trial court on April 2, 2012. At the hearing, Appellee made an oral

motion to also sever Appeal Two *(*occupational asthma) from Appeal One (chemical pneumonitis). At the conclusion of the hearing, the trial court granted Appellee's motion to sever Appeals Two and Three from Appeal One.

**{¶20}** On April 2, 2012, Appellee filed separate Notices of Dismissal Without Prejudice, pursuant to Civ.R. 41(A)(1), in Appeal Two (Case No. 2007-CW-07-0515) and Appeal Three (Case No. 2010-CW-12-1357).

**{¶21}** On April 3, 2012, Appellee filed a Notice of Dismissal Without Prejudice, pursuant to Civ.R. 41(A)(1), in Appeal One (Case No. 2007-CW-01-0006), which is the subject of this appeal.

**{¶22}** On April 4, 2012, the trial court filed an Entry granting Appellee's motions to sever Appeals Two and Three from Appeal One. The trial court further ordered that "the jury trial commencing on April 3, 2012, was cancelled upon [Appellee's] oral communication that [she] would be filing a notice of dismissal under Civ.R. 41(A) in the above-referenced consolidated cases."

**{¶23}** Appellant now appeals, raising the following assignment of error:

### ASSIGNMENT OF ERROR

**{¶24}** "I. PLAINTIFF'S DISMISSAL FILED APRIL 3, 2012, MUST BE DEEMED WITH PREJUDICE, AND ON THE MERITS, THUS NOT SUBJECT TO REFILING ON THE AUTHORITY OF OHIO CIVIL RULE 41(A) AND THE AUTHORITY OF *SCHWERING V. TRW VEHICLE SAFETY SYS.* 2012-OHIO-1481."

I.

**{¶25}** Before we address the merits of Appellant's assignment of error, we must first resolve a threshold jurisdictional issue. Ohio courts of appeals have appellate

jurisdiction over "final appealable orders." Section 3(B)(2), Article IV of the Ohio Constitution. If a judgment appealed is not a final order, an appellate court has no jurisdiction to consider it and the appeal must be dismissed. *See Davison v. Rini,* 115 Ohio App.3d 688, 692, 686 N.E.2d 278 (4th Dist.1996); *Prod. Credit Assn. v. Hedges,* 87 Ohio App.3d 207, 210, 621 N.E.2d 1360 (4th Dist.1993); *Kouns v. Pemberton,* 84 Ohio App.3d 499, 501, 617 N.E.2d 701 (4th Dist.1992). Furthermore, if the parties themselves do not raise a jurisdictional issue on appeal, an appellate court is required to raise them sua sponte. *See In re Murray,* 52 Ohio St.3d 155, 159–160, 556 N.E.2d 1169, at fn. 2 (1990); *Whitaker–Merrell v. Geupel Co.,* 29 Ohio St.2d 184, 186, 280 N.E.2d 922 (1972).

**{¶26}** A final order is one that, inter alia, affects a substantial right and, in effect, determines the judgment. A judgment satisfies Civ.R. 54(B) only "upon an express determination that there is no just reason for delay ..."

**{¶27}** Here, Appellee filed a Civ.R. 41(A) voluntary dismissal of the appeal from the order of the ICO allowing her claim for chemical pneumonitis.

**{¶28}** A plaintiff's notice of voluntary dismissal made pursuant to Civ.R. 41(A)(1) is self-executing; it requires no court action and is effective on the date of filing. *James v. Allstate Ins. Co.* (March 16, 2000), Cuyahoga App.No. 75993, 2000 WL 284221 (additional citations omitted). Generally, where a case has been voluntarily dismissed under Civ.R. 41(A)(1), the trial court patently and unambiguously lacks jurisdiction to proceed. *See State ex rel. Hummel v. Sadler,* 96 Ohio St.3d 84, 771 N.E.2d 853, 2002-Ohio-3605, ¶ 22

**{¶29}** The Supreme Court of Ohio has stated that a voluntary dismissal without prejudice under Civ.R. 41(A) renders the parties as if no suit had ever been filed. *Denham v. New Carlisle* (1999), 86 Ohio St.3d 594, 596, 1999-Ohio-128.

**{¶30}** Consequently, a voluntary dismissal pursuant to Civ.R. 41(A) does not adjudicate the merits of a claim, does not produce a prevailing party, and does not end in a final appealable order. *Champion Mall Corp. v. Bilbo Freight Lines, Inc.,* 81 Ohio App.3d 611, 615, 611 N.E.2d 969 (1992)

**{¶31}** Based on the foregoing, we find that this Court lacks jurisdiction to entertain this appeal.

**{¶32}** Appellant's appeal is dismissed.

**{¶33}** Based on the foregoing disposition of this appeal, we find Plaintiff-Appellee Deborah Dewalt's Motion to Strike the Affidavit of Larry Sanford, attached to Appellant Tuscarawas County Health Department's Reply Brief, to be moot.

By: Wise, J.

Delaney, P. J., and

Edwards, J., concur.

_____

_____

_____

                                        JUDGES

JWW/d 1025

IN THE COURT OF APPEALS FOR TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

DEBORAH DEWALT                     :

     Plaintiff-Appellee        :

-vs-                         :           JUDGMENT ENTRY

TUSCARAWAS COUNTY HEALTH DEPT. :

     Defendant-Appellant    :
and                        :

ADMINISTRATOR, BUREAU      :
OF WORKERS' COMPENSATION   :

     Defendant-Appellee     :          Case No. 2012 AP 05 0031

For the reasons stated in our accompanying Memorandum-Opinion, this Court lacks jurisdiction and dismissed this appeal.

Costs assessed to Appellant.

_____

_____

_____

                             JUDGES