DECISION AND JUDGMENT ENTRY
{¶ 1} This case is before the court sua sponte. It has come to the court's attention that the order from which this appeal is taken is not final and appealable and therefore this court does not have jurisdiction to hear this appeal.
 {¶ 2} The trial court in this personal injury case issued a ruling that Ohio law, not Michigan law, applies to this case. Defendants filed this appeal challenging that order. In their notice of appeal they state, "This is an interlocutory appeal pursuant to R.C. 2505.02(B)(1)." We disagree.
 {¶ 3} R.C. 2505.02 states, in pertinent part:
 {¶ 4} "(A) As used in this section:
 {¶ 5} "(1) `Substantial right' means a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect.
 {¶ 6} "(2) `Special proceeding' means an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity,
 {¶ 7} "(3) `Provisional remedy' means a proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary injunction, attachment, discovery of privileged matter, or suppression of evidence.
 {¶ 8} "(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
 {¶ 9} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
 {¶ 10} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
 {¶ 11} "(3) An order that vacates or sets aside a judgment or grants a new trial;
 {¶ 12} "(4) An order that grants or denies a provisional remedy and to which both of the following apply:
 {¶ 13} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
 {¶ 14} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.
 {¶ 15} "(5) An order that determines that an action may or may not be maintained as a class action."
 {¶ 16} R.C. 2505.02(B)(1) does not apply to this order since the order does not determine the personal injury action and it does not prevent a judgment in either party's favor. Further, the order is not appealable under any other portion of the statute. Since this personal injury negligence case is not a "special proceeding," R.C. 2505.02(B)(2) does not apply, the order does not vacate or set aside a judgment or grant a new trial so subsection (B)(3) does not apply, and finally, the choice of law order is not a "provisional remedy" as that term is defined in R.C.2505.02(A)(3). Finally, this case is not a class action so subsection (B)(5) does not apply.
 {¶ 17} Accordingly, the judgment being appealed is not a final appealable order and this court does not have jurisdiction to hear this case. This case is ordered dismissed. Appellants are ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
Appeal Dismissed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Mark L. Pietrykowski, J., William J. Skow, J., and Dennis M. Parish, J., concur.