[Cite as *Thomas v. Roush*, 2011-Ohio-1705.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
GALLIA COUNTY

| | | |
|---|---|---|
| WILBURN THOMAS, | : | Case No. 10CA9 |
| | : | |
| Plaintiff-Appellee, | : | |
| | : | DECISION AND |
| v. | : | JUDGMENT ENTRY |
| | : | |
| CLARENCE ROUSH, | : | |
| | : | **RELEASED 04/06/11** |
| | : | |
| Defendant-Appellant. | : | |

_____

APPEARANCES:

William D. Conley, Gallipolis, Ohio, for appellant.

Brent A. Saunders, HALLIDAY, SHEETS & SAUNDERS, Gallipolis, Ohio, for appellee.
_____

Harsha, P.J.

{¶1}    Clarence Roush appeals the trial court's decision entering a default judgment against him for $35,000, arguing that the plaintiff, Wilburn Thomas, failed to properly serve him with a copy of the complaint.  However, because Thomas' claim for injunctive relief remains undecided, the trial court's judgment does not constitute a final, appealable order.  Thus, we lack jurisdiction to consider this appeal and must dismiss it.

I.  Facts

{¶2}    On November 30, 2009, Thomas filed a complaint against Clarence Roush of 13154 State Route 554, Bidwell, Ohio, 45614.  Thomas alleged that Roush "piled debris, built fence, and moved dirt" onto his property, thereby denying him the "free peaceable use and enjoyment of his property."  Thomas further alleged that Roush's trespass caused him $35,000 in damages, "such being the damages and the fair value of the use of said property" by Roush.  Thomas sought an injunction to

prevent Roush from trespassing further on his land and $35,000 in damages.

{¶3}    The Gallia County Clerk of Courts attempted to serve "CLARENCE H JR ROUSH" via certified mail with the complaint and a summons at the address listed in the complaint.  However, the documents were returned in an envelope marked "UNCLAIMED" and "UNABLE TO FORWARD."  The Clerk then sent a copy of the complaint and summons via regular U.S. mail to "CLARENCE H JR ROUSH" at the address listed in the complaint.  The appellant did not file an answer to the complaint.

{¶4}    In May 2010, Thomas filed a motion for a default judgment under Civ.R. 55.  The trial court granted the motion and awarded Thomas $35,000 in damages, interest, and costs.  The court's entry was silent as to Thomas' request for injunctive relief.  On June 21, 2010, Roush filed a Civ.R. 60(B) motion for relief from the trial court's judgment.  The same day, Roush filed a notice of appeal.[1]

## II.  Assignment of Error

{¶5}    Roush did not include a statement of his assignment of error presented for review as required by App.R. 16(A)(3).  Rather than simply dismissing Roush's appeal for failure to comply with the appellate rules, we will utilize the assignment of error Roush initially identified in a separate "STATEMENT OF ASSIGNMENTS OF ERROR" filed with this Court.

> [T]he Defendant-Appellant was not properly served with the complaint and therefore the judgment is invalid and should be set aside for improper service.[2]

---

[1] Once Roush filed this appeal, the trial court lost jurisdiction to consider the Civ.R. 60(B) motion unless we remanded the case for the purpose of granting the court jurisdiction to decide the motion.  *State ex rel. Rogers v. Marshall*, Scioto App. No. 05CA3004, 2008-Ohio-6341, at ¶30, citing *Howard v. Catholic Social Services of Cuyahoga Cty., Inc.*, 70 Ohio St.3d 141, 147, 1994-Ohio-219, 637 N.E.2d 890 (per curiam). Roush never asked us to remand this case so that the trial court could consider this motion.

[2] Roush included a second assignment of error in his Statement:  "[T]he Plaintiff-Appellee was not entitled to default judgment as the trial court set a deadline of May 14, 2010 for the Plaintiff-Appellee to file for default judgment or the matter would be summarily dismissed.  No motion for default judgment was filed

### III. No Final, Appealable Order

{¶6}    Before we address the merits of the appeal, we must decide whether we have jurisdiction to do so.  Appellate courts "have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district[.]"  Section 3(B)(2), Article IV, Ohio Constitution; see, also, R.C. 2505.03(A).  If a court's order is not final and appealable, we have no jurisdiction to review the matter and must dismiss the appeal. *Eddie v. Saunders*, Gallia App. No. 07CA7, 2008-Ohio-4755, at ¶11.  In the event that the parties do not raise the jurisdictional issue, we must raise it sua sponte.  *Sexton v. Conley* (Aug. 7, 2000), Scioto App. No. 99CA2655, 2000 WL 1137463, at *2.

{¶7}    An order must meet the requirements of both R.C. 2505.02 and Civ.R. 54(B), if applicable, to constitute a final, appealable order.  *Chef Italiano Corp. v. Kent State Univ.* (1989), 44 Ohio St.3d 86, 88, 541 N.E.2d 64.  Under R.C. 2505.02(B)(1), an order is a final order if it "affects a substantial right in an action that in effect determines the action and prevents a judgment[.]"  To determine the action and prevent a judgment for the party appealing, the order "must dispose of the whole merits of the cause or some separate and distinct branch thereof and leave nothing for the determination of the court."  *Hamilton Cty. Bd. of Mental Retardation & Developmental Disabilities v. Professionals Guild of Ohio* (1989), 46 Ohio St.3d 147, 153, 545 N.E.2d 1260.

{¶8}    Additionally, if the case involves multiple parties or multiple claims, the court's order must meet the requirements of Civ.R. 54(B) to qualify as a final, appealable order.  Under Civ.R. 54(B):

---

until May 17, 2010, which was outside the time limits as ordered by the court."  However, Roush did not raise this argument in his appellate brief.

> When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties *only upon an express determination that there is no just reason for delay.* In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

(Emphasis added). Thus, absent the mandatory language that "there is no just reason for delay," an order that does not dispose of all claims is subject to modification and is not final and appealable. *Noble v. Colwell* (1989), 44 Ohio St.3d 92, 96, 540 N.E.2d 1381. The purpose of Civ.R. 54(B) is "'to make a reasonable accommodation of the policy against piecemeal appeals with the possible injustice sometimes created by the delay of appeals[,]' as well as to insure that parties to such actions may know when an order or decree has become final for purposes of appeal." *Pokorny v. Tilby Dev. Co.* (1977), 52 Ohio St.2d 183, 186, 370 N.E.2d 738 (per curiam) (internal citations omitted).

{¶9} Here, the case involves multiple claims – Thomas' claim for damages and for injunctive relief. Although the trial court resolved Thomas' claim for damages, the court did not rule on his claim seeking an injunction. Moreover, the court did not expressly state in its judgment the mandatory Civ.R. 54(B) language that there was no just reason for delay. Thus, the court's entry awarding Thomas damages is not a final, appealable order. See *Ranallo v. First Energy Corp.*, Lake App. No. 2003-L-201, 2004-

Ohio-2918, at ¶5; *Limbert v. Gross* (May 8, 1987), Shelby App. No. 17-85-20, 1987 WL

10937, at *2.  Accordingly, we dismiss this appeal for lack of a final, appealable order.[3]

APPEAL DISMISSED.

---

[3] Because we have dismissed the appeal and effectively remanded the matter to the trial court, it may now consider appellant's Civ.R. 60(B) motion.  See footnote 1.

## **JUDGMENT ENTRY**

It is ordered that the APPEAL BE DISMISSED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Gallia County Common Pleas Court to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.  Exceptions.

Abele, J. & Kline, J.:  Concur in Judgment and Opinion.


For the Court


BY: _____
       William H. Harsha, Presiding Judge


**NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**