[Cite as *Close v. Perry*, 2012-Ohio-2953.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|                          |   |                              |
|--------------------------|---|------------------------------|
|                          | : | JUDGES:                      |
| DOREEN P. CLOSE          | : | Patricia A. Delaney, P.J.    |
|                          | : | W. Scott Gwin, J.            |
| Plaintiff-Appellant      | : | Julie A. Edwards, J.         |
|                          | : |                              |
| -vs-                     | : | Case No. 11CA37 & 11CA38     |
|                          | : |                              |
|                          | : |                              |
| DOYT L. PERRY            | : | O P I N I O N                |
|                          |   |                              |
| Defendant-Appellee       |   |                              |

CHARACTER OF PROCEEDING:         Civil Appeal from Fairfield County
                                 Court of Common Pleas, Domestic
                                 Relations Division, Case No. 06-DR-
                                 374

JUDGMENT:                        Affirmed In Part and Reversed and
                                 Remanded In Part

DATE OF JUDGMENT ENTRY:          June 20, 2012

APPEARANCES:

For Plaintiff-Appellant          For Defendant-Appellee

RANDY HAPPENEY                   SANDRA W. DAVIS
Dagger Johnston Miler, Ogilvie & Stebelton, Aranda & Snider
Hampson, LLP                     A Legal professional Association
144 East Main Street             109 N. Broad Street, Suite 200
P.O. Box 667                     P.O. Box 130
Lancaster, Ohio  43130           Lancaster, Ohio  43130-0130

*Edwards, J.*

{¶1}  Doreen P. Close and Doyt L. Perry both appeal a judgment of the Fairfield County Common Pleas Court, Domestic Relations Division, granting in part and overruling in part Close's Civ. R. 60(B) motion for relief from judgment.

STATEMENT OF FACTS AND CASE

{¶2}  Close filed the instant action seeking a divorce from Perry on July 28, 2006.  The couple entered into an agreement regarding their three children, and the remaining issues were tried to a magistrate in September, 2008.

{¶3}  The magistrate filed his report on March 13, 2009, with an addendum filed March 30, 2009.  With respect to the marital residence, the magistrate found the home to be valued at $170,000 with equity of $50,480.  The home was awarded to Close. The magistrate noted that the parties were not in agreement concerning a mold problem in the marital home and the cost of cleanup.  Close submitted a single repair estimate of $15,654, which Perry contended was a "Cadillac" price.  The magistrate agreed, finding that multiple estimates should be explored instead of accepting Close's estimate which was nearly 10% of the value of the home.  The magistrate found that remedial work concerning mold was required and ordered Perry to obtain three estimates within sixty days and to have the work done by the business submitting the estimate for the middle amount within sixty days.  Perry was to pay the cost of the mold remediation.

{¶4}  Neither party filed any objections to the decision of the magistrate, and a Judgment Entry/Decree of Divorce was entered by the trial court on November 4, 2009. The decree required Perry to obtain three estimates and hire the middle estimator within

sixty days of the decree of divorce to remedy the basement mold problem at the marital residence, and Perry was to pay for the work.

{¶5} Neither party filed a notice of appeal from the decree of divorce. On November 18, 2009, Close filed objections to the divorce decree, none of which pertained to the court's decision on mold remediation.

{¶6} Perry filed a notice on April 12, 2010, that he had obtained three estimates and would be hiring Carrara of Columbus to complete the mold remediation.

{¶7} A "trial notice" was filed on June 16, 2010, notifying the parties that a one-half day trial would be held on October 4, 2010, and all parties must attend. The court filed an "agreed judgment entry" on December 9, 2010, stating that a hearing was held on October 4, 2010, before a magistrate, which Close did not attend but her counsel did attend. This entry stated that the agreement of the parties was found by the court to be fair and equitable and set forth various financial terms the parties had agreed to regarding spousal and child support. The entry dismissed Close's objections, filed November 18, 2009, to the decree of divorce. The entry also required Perry to deposit in Close's attorney's office trust account the amount of $3,688.83 for the sole purpose of payment for the basement mold repair problem at the marital residence within ten days after the filing of the agreed entry. Neither Close nor her attorney signed this agreed entry, but the entry was signed by both the magistrate and the judge. Close filed objections to this entry on December 22, 2010. None of the objections related to the payment for mold remediation, nor did any of the objections raise the issue of the "agreed" entry not being signed by Close or her attorney. The trial court overruled the

objections, finding there is no provision in the Civil Rules for objections to a final judgment of the court.

{¶8}  Close filed a Civ. R. 60(B) motion for relief from judgment on April 19, 2011.  In Branch I of her motion she sought to set aside the December 9, 2010, entry on the basis that she did not approve the entry and it was therefore a nullity.  In Branch II she sought to set aside the original decree of divorce on the basis that the magistrate abused his discretion in the handling of the mold remediation issue, and the judgment should be vacated and additional evidence heard on this issue.  She attached her own affidavit stating that she received notice of the October 4, 2010, hearing from her attorney a mere week before trial, and she was unable to attend because she had to pick up her daughter  at college due to her daughter suffering from pneumonia, and her mother was simultaneously in the hospital with pneumonia.  She averred that she had not given her attorney authority to settle any issues at the hearing.

{¶9}  The trial court set aside the agreed entry of December 9, 2010, on the basis that there was no memorandum entry or transcript available and neither Close nor her counsel of record at the time signed the agreed entry.  The trial court overruled Close's motion to reopen the divorce decree and recognized that there is no provision in the Civil Rules for objections to be filed to a final judgment.  However, the trial court directed the magistrate to conduct a hearing for the limited purpose of resolving Close's objections to the original decree.

{¶10}  Close filed a notice of appeal on July 20, 2011, at 2:53 p.m., followed by Perry filing a notice of appeal at 3:01 p.m.  Because the appeals arise out of the same

entry and raise related issues, we hereby consolidate the appeals for purposes of opinion and judgment.

**{¶11}** Close raises the following assignments of error:

**{¶12}** "I. THERE IS NO FINAL APPEALABLE ORDER IN THIS CASE.

**{¶13}** "II. THE TRIAL COURT ERRED IN REFUSING TO SET ASIDE THE ORIGINAL MAGISTRATE'S DECISION AND ORDERING THE ISSUE OF 'MOLD REMEDIATION/REPAIR' FOR FULL HEARING.   THE MAGISTRATE'S DECISION, WHICH ADOPTS AN UNKNOWN, POST TRIAL, MIDDLE BID TO BE OBTAINED BY DEFENDANT TO CORRECT THIS PROBLEM, WAS PLAIN ERROR.  THE DECISION OF THE TRIAL COURT IN FAILING TO CORRECT THAT PLAIN ERROR WAS AN ABUSE OF DISCRETION AND SHOULD BE REVERSED.

**{¶14}** "III. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN FAILING TO SET THE REMANDED ISSUE OF 'MOLD REMEDIATION/REPAIR' FOR A FULL EVIDENTIARY HEARING AT WHICH BOTH PARTIES COULD PRESENT TESTIMONY.  REMANDING THE MATTER OF 'CLARIFICATION' WAS AN ABUSE OF DISCRETION.  THE FAILURE OF THE TRIAL COURT TO SUSTAIN THE PLAINTIFF'S CIV. R. 60(B) MOTION WAS, THEREFORE, AN ABUSE OF DISCRETION AND ERROR."

**{¶15}** Perry raises the following assignments of error:

**{¶16}** "I. THE TRIAL COURT ERRED AS A MATTER OF LAW IN VACATING THE AGREED JUDGMENT ENTRY OF DECEMBER 9, 2010.

**{¶17}** "II. THE TRIAL COURT ERRED AS A MATTER OF LAW IN REOPENING THE JUDGMENT ENTRY/DECREE OF DIVORCE OF NOVEMBER 3, 2009."

**{¶18}** We first address the assignments of error raised by Close (Case No. 11-37).

I

**{¶19}** In her first assignment of error, Close argues that there is no final, appealable order in this action. Close makes the following argument in her brief:

**{¶20}** "Plaintiff filed her Notice of Appeal because of uncertainty as to the actual status of this matter after the June 20, 2011 Entry. Upon further review the conclusion is that this matter is not final and appealable. If the judgment is not final, the decision overruling the Civ. R. 60(B) Motion is likewise, not final  See *Wolf v. Associated Materials*, 2000 W.L. 1262540 (5[th] App. Ashland Co.). Because the Trial Court remanded this matter for further proceedings, there is no final appealable order. It is submitted that this matter should be remanded to the Trial Court for said hearing. The Magistrate who decided this case is no longer employed by the Fairfield County Domestic Relations Court. The Judge who ruled on the 60(B) is also gone. Therefore, the new Magistrate may, in effect, be required to have a hearing *de novo* in this matter which may cure some or all of the defects alleged by the Plaintiff."

**{¶21}** It is not clear from appellant's argument why she believes there is not a final appealable order in this matter. She appears to argue that because the court remanded the matter for hearing on the objections she filed to the original divorce decree, the judgment appealed from is not final and the original divorce decree is not final. In her statement of facts, she argues that the decree was not final and appealable because the mold remediation issue was not resolved, with appellant having 60 days to remedy the problem and a hearing scheduled for a later date to clarify what is owed by,

credited to or refunded to the parties financially pursuant to the decree of divorce as of its effective date.

**{¶22}** We find the divorce decree was a final, appealable order. The decree resolved all outstanding issues between the parties. Perry was clearly ordered to obtain three estimates and hire the middle estimator within sixty days of the decree to remedy the mold problem. The hearing contemplated by the court was clearly a post-decree hearing to calculate the numbers concerning which party owed what in light of the orders issued in the decree.

**{¶23}** Close's first assignment of error is overruled.

II

**{¶24}** In her second assignment of error, Close argues that the trial court erred in failing to set aside the original magistrate's decision concerning mold remediation. She argues that the magistrate's decision, which adopted an unknown post-trial middle bid for mold remediation, was error and the trial court abused its discretion in failing to correct this error on her motion for relief from judgment.

**{¶25}** Civ. R. 60(B) provides:

**{¶26}** "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based

has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation."

{¶27} In *GTE Automatic Electric v. ARC Industries* (1976), 47 Ohio St.2d 146, 150–151, 351 N.E.2d 113, the Ohio Supreme Court set forth the factors necessary to recover under Civ.R. 60(B). "[T]he movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." Where any one of the foregoing requirements is not satisfied, Civ.R. 60(B) relief is improper. *State ex rel. Richard v. Seidner,* 76 Ohio St.3d 149, 151, 1996–Ohio–54, 666 N.E.2d 1134. "A motion for relief from judgment under Civ. R. 60(B) is addressed to the sound discretion of the trial court, and that court's ruling will not be disturbed on appeal absent a showing of abuse of discretion." *Griffey v. Rajan* (1987), 33 Ohio St.3d 75, 77, 514 N.E.2d 1122.

{¶28} Close argues that the court committed plain error in the original decree by ordering Perry to obtain three bids and hire the middle estimator to do the repair work. She makes no argument that she was entitled to relief under one of the grounds in Civ. R. 60(B)(1) through (5), nor has she demonstrated that she has a meritorious defense if

relief is granted. She argues to this Court that she is entitled to a full hearing with each party presenting expert testimony on the cost of remediation of the mold problem. However, the time to raise her objections to the manner in which the magistrate handled the mold issue was by way of objections to the magistrate's report pursuant to Civ. R. 53(D)(3)(b), and then by a timely appeal from the judgment if the trial court did not rule favorably on her objections. It is well-established that Civ. R. 60(B) is not a substitute for appeal. *Doe v. Trumbull County Children Services Bd.* (1986), 28 Ohio St.3d 128, 502 N.E.2d 605, paragraph 2 of the syllabus. Close is attempting to argue issues, which should have been raised on appeal, under the guise of a Civ. R. 60(B) motion for relief from judgment.

{¶29} Close's second assignment of error is overruled.

III

{¶30} Close argues that the court erred in failing to order a full evidentiary hearing before the magistrate on the mold remediation issue. Close again argues that the method used by the court to select the winning bid for mold remediation is "arbitrary, capricious and frankly absurd" and lends itself to "bid rigging" by Perry, amounting to "nothing more than a rubber stamp of a low bid plus $1.00 solicited by the Defendant."

{¶31} Again, Close makes no argument that she she was entitled to relief under one of the grounds in Civ. R. 60(B)(1) through (5), nor has she demonstrated that she has a meritorious defense if relief is granted. Her argument that the method chosen by the magistrate was an abuse of discretion should have been raised on objections to the magistrate's decision and on direct appeal from the final decree of divorce.

{¶32} Close's third assignment of error is overruled.

{¶33} We next address Perry's assignments of error (Case No. 11-38).

I

{¶34} Perry first argues that the court erred as a matter of law in vacating the agreed entry of December 9, 2010.

{¶35} The trial court vacated the December 9, 2010, agreed judgment entry on the basis that neither Close nor her attorney signed the entry. However, in her Civ. R. 60(B) motion, Close did not demonstrate that she was entitled to relief under one of the grounds in Civ. R. 60(B)(1) through (5). In her affidavit attached to her motion, Close claims she received late notice of the hearing from her attorney and was unable to attend and avers that she did not give him authority to settle any issues. There is nothing from the attorney indicating that he did not agree to the entry. The mold issue was dealt with in this agreed entry to the extent that Perry was required to deposit the amount of the middle bid in Close's attorney's trust account.

{¶36} The agreed entry states that the matter came before the court for a hearing on October 4, 2010, before a magistrate, which Close did not attend but her counsel did attend. This entry stated that the agreement of the parties was found by the court to be fair and equitable and that it, "was reached to resolve clarification and unification of various issues from the Magistrate's Decision filed March 13, 2009, the Magistrate's Decision Addendum filed March 30, 2009, and the parties' Decree of Divorce filed November 4, 2009." Because Close did not meet the requirements of Civ. R. 60(B) concerning the matters in this agreed entry, the trial court erred in granting her motion for relief from this judgment.

{¶37} Perry's first assignment of error is sustained.

II

**{¶38}** Perry argues that the court erred in reopening the judgment entry of divorce. The court found as follows:

**{¶39}** "The Court directs the Magistrate to set a final hearing for the limited purpose of resolving the Plaintiff's 'objection' to the proposed Decree. However, the Court finds that neither the Ohio Revised Code nor the Ohio Rules of Civil Procedure provide for the filing of 'objections' to a Decree. The Magistrate is hereby directed to consider the 'Objections' as a request to clarify the specific provisions of the Decree, raised in Plaintiff's 'Objections.'" Judgment Entry, June 20, 2011.

**{¶40}** We agree that a trial court can interpret the terms of its own decree if those terms are ambiguous. In this case, it can be argued that the terms "remedying the basement mold problem" are ambiguous and/or unclear as to whether they include both the cleanup of the mold problem and the repairs needed to prevent a further mold problem. But, because we have determined that the December 9, 2010, entry should not have been vacated, and that entry includes an agreement on the amount due from Perry to Close regarding the mold problem, it was improper for the trial court to have directed the Magistrate to clarify said provisions of the Decree.

**{¶41}** Therefore, to the extent the remand to the Magistrate is for the Magistrate to clarify specific provisions of the Divorce Decree that were dealt with in the parties' agreed entry of December 9, 2010, this assignment of error is sustained.

**{¶42}** The judgment of the Fairfield County Common Pleas Court, Domestic Relations Division, is affirmed in part and reversed in part.  Pursuant to App. R. 12(B), we hereby enter final judgment overruling the Civ. R. 60(B) motion filed by Doreen Close in its entirety.


By: Edwards, J.

Delaney, P.J. and

Gwin, J. concur

_____

_____

_____

                                   JUDGES

JAE/r0125

[Cite as *Close v. Perry*, 2012-Ohio-2953.]

IN THE COURT OF APPEALS FOR FAIRFIELD COUNTY, OHIO

FIFTH APPELLATE DISTRICT

DOREEN CLOSE                           :
                                       :
                Plaintiff-Appellant    :
                                       :
                                       :
-vs-                                   :       JUDGMENT ENTRY
                                       :
DOYT L. PERRY                          :
                                       :
                Defendant-Appellee     :       CASE NO. 11CA37 & 11CA38


     For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Fairfield County Court of Common Pleas, Domestic Relations Division, is affirmed in part and reversed and remanded in part.  Pursuant to App.R. 12(B), we hereby enter final judgment overruling Doreen Close's Civ. R. 60(B) motion in its entirety.  Costs assessed to appellant.


                                       _____

                                       _____

                                       _____
                                                      JUDGES