[Cite as *GrafTech Internatl. Ltd. v. Pacific Emps. Ins. Co.*, 2016-Ohio-1377.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 103008

---

# GRAFTECH INTERNATIONAL LTD., ET AL.

### PLAINTIFFS-APPELLANTS

### vs.

# PACIFIC EMPLOYERS
# INSURANCE COMPANY, ET AL.

### DEFENDANTS-APPELLEES

---

**JUDGMENT:**
DISMISSED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-13-818739

**BEFORE:** S. Gallagher, J., E.T. Gallagher, P.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** March 31, 2016

**ATTORNEYS FOR APPELLANTS**

Kyle T. Cutts
Ryan A. Doringo
Jones Day
North Point
901 Lakeside Avenue
Cleveland, Ohio   44114

Richard D. Milone
Jones Day
51 Louisiana Avenue, N.W.
Suite 400
Washington, DC   20001

**ATTORNEYS FOR APPELLEES**

**For Pacific Employers, et al.**

John G. Farnan
Weston Hurd, L.L.P.
1301 East 9th Street
Suite 1900
Cleveland, Ohio   44114

**For Ace American/Pacific Employers**

Shane Robert Heskin
White and Williams, L.L.P.
One Penn Plaza
Suite 4110
New York, New York 10119

**For XL Insurance America, Inc.**

Kelley J. Barnett
Michael E. Smith
Frantz Ward, L.L.P.
200 Public Square
Suite 3000
Cleveland, Ohio    44114

James Rocap
Steptoe & Johnson, L.L.P.
1330 Connecticut Avenue, N.W.
Washington, DC    20036

SEAN C. GALLAGHER, J.:

{¶1}    Plaintiffs-appellants GrafTech International Ltd. and GrafTech International Holdings Inc. (collectively "GrafTech") appeal from the decision of the trial court that denied their motion for partial summary judgment against defendant Pacific Employers Insurance Company ("Pacific") based on the court's choice-of-law determination.  For the reasons stated below, we must dismiss the appeal for a lack of a final, appealable order.

{¶2} GrafTech filed a complaint for declaratory relief, breach of contract, and bad faith against Pacific and several of its related insurance companies (referred to as the "ACE defendants").[1]  GrafTech sought insurance coverage from Pacific under a single primary general liability insurance policy for the costs of defending certain lawsuits filed against GrafTech in Pennsylvania and Indiana state courts.[2]  GrafTech also sought coverage under a commercial umbrella and excess insurance policy issued by XL Insurance America, Inc., which also was named as a defendant.

---

[1] The "ACE defendants" include ACE American Insurance Company; ACE Property & Casualty Insurance Company, f.k.a. CIGNA Insurance Company; Century Indemnity Company; Insurance Company of North America; and Indemnity Insurance Company of North America.

[2] We note that the lawsuit seeks payment of defense costs and does not involve a duty to defend.

{¶3} GrafTech filed a motion for partial summary judgment seeking an order requiring Pacific to pay its defense costs. The motion presented a choice-of-law issue. GrafTech argued that Ohio law, rather than New York law, applied to the insurance contract. Pacific and the ACE defendants (collectively "Pacific") opposed the motion and filed a motion seeking discovery pursuant to Civ.R. 56(F). Pacific argued that New York law should be applied to the insurance contract. After a hearing, the trial court denied GrafTech's motion and denied Pacific's motion as moot.

{¶4} In its order, the trial court decided the single issue concerning the parties' choice-of-law dispute. The trial court determined, "the laws of the State of New York shall apply to the merits of these proceedings." The court included "no just reason for delay" language pursuant to Civ.R. 54(B) upon determining its declaration "will affect a substantial right of one or more of the parties." The trial court did not reach a decision on the merits of the proceedings.

{¶5} GrafTech has appealed from the trial court's ruling. This court instructed the parties to submit briefs to show cause as to why the appeal should not be dismissed for lack of jurisdiction. Briefs were submitted by the parties advocating for a finding that there is a final appealable order. Upon review, we do not reach the same conclusion.

{¶6} Appellate courts have jurisdiction to review only final orders or judgments. Ohio Constitution, Article IV, Section 3(B)(2); *Supportive Solutions, L.L.C. v. Electronic Classroom of Tomorrow*, 137 Ohio St.3d 23, 2013-Ohio-2410, 997 N.E.2d 490, ¶ 10. For an order to constitute a final appealable order, the requirements of both R.C. 2505.02,

and, if applicable, Civ.R. 54(B) must be met. *Lycan v. Cleveland*, Slip Opinion No. 2016-Ohio-422, ¶ 21; *State ex rel. Scruggs v. Sadler*, 97 Ohio St.3d 78, 2002-Ohio-5315, 776 N.E.2d 101, ¶ 5.

{¶7} R.C. 2505.02(B) provides in relevant part:

(B)   An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

(1)   An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

(2)   An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

(4)   An order that grants or denies a provisional remedy and to which both of the following apply:

(a)   The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

(b)   The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

{¶8} R.C. 2505.02(A)(1) does not apply because a choice-of-law determination is not one that "in effect determines the action and prevents a judgment."   Although the parties argue that the outcome of this case is now fait accompli, this conclusion cannot be reached without an analysis of the parties' contract under New York law.   The trial court did not determine the merits of the claims.   Indeed, the trial court indicated the following:   "The court reaches no conclusion at this time as to the outcome of the

application of New York law to the merits of this action." Additionally, as discussed below, the order was not one that "affects a substantial right."

**{¶9}** R.C. 2505.02(A)(2) requires "an order that affects a substantial right made in a special proceeding[.]" A declaratory judgment action is considered a special proceeding. *Walburn v. Dunlap*, 121 Ohio St.3d 373, 2009-Ohio-1221, 904 N.E.2d 863, ¶ 21. R.C. 2505.02(A)(1) defines a "substantial right" as a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." "An order which affects a substantial right has been perceived to be one which, if not immediately appealable, would foreclose appropriate relief in the future." *Bell v. Mt. Sinai Med. Ctr.*, 67 Ohio St.3d 60, 63, 616 N.E.2d 181 (1993). In this matter, the absence of an immediate appeal would not foreclose appropriate relief in the future.

**{¶10}** GrafTech argues that the trial court's order affects its substantial rights because it prevents Pacific from having to pay GrafTech's defense costs in the underlying lawsuits. The trial court's order only addressed the choice-of-law determination. The court made no application of New York law to the merits of the action and did not issue any declaration as to insurance coverage or declare the rights of the parties under the insurance policies at issue. "When a trial court enters a judgment in a declaratory-judgment action, the order must declare all of the parties' rights and obligations to constitute a final, appealable order. The trial court does not fulfill its function if it does not construe the documents at issue." *William Powell Co. v.*

*Onebeacon Ins. Co.*, 1st Dist. Hamilton No. C-130681, 2014-Ohio-3528, ¶ 10; *see also Miller Lakes Community Servs. Assn. v. Schmitt*, 9th Dist. Wayne No. 13CA0045, 2014-Ohio-4748, ¶ 8; *Premium Beverage Supply, Ltd. v. TBK Prod. Works*, 10th Dist. Franklin No. 14AP-90, 2014-Ohio-4171, ¶ 14-17.

{¶11} R.C. 2505.02(A)(4) requires an order that grants or denies a provisional remedy. A "provisional remedy" is defined as "a proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary injunction, attachment, discovery of privileged matter, suppression of evidence, * * * ." R.C. 2505.02(A)(3). An order is ancillary if it is "attendant upon or aids another proceeding." *State v. Muncie*, 91 Ohio St.3d 440, 449, 2001-Ohio-93, 746 N.E.2d 1092, quoting *Bishop v. Dresser Industries, Inc.*, 134 Ohio App.3d 321, 324, 1999-Ohio-911, 730 N.E.2d 1079 (3d Dist.). A choice-of-law determination is not considered a provisional remedy. *Broadnax v. Drouillard*, 6th Dist. Lucas No. L-05-1320, 2005-Ohio-6002, ¶ 16. It is not ancillary to the proceedings, but integral to the merits. Because the trial court's judgment does not affect a substantial right made in a special proceeding, R.C. 2505.02(B)(4) does not apply.

{¶12} The remaining subdivisions, R.C. 2505.02(B)(3) (vacates judgment or grants new trial), R.C. 2505.02(B)(5) (class action), R.C. 2505.02(B)(6) (constitutionality of certain legislation), and R.C. 2505.02(B)(7) (appropriation proceeding), are inapplicable by their terms.

**{¶13}** We recognize that the trial court included Civ.R. 54(B) language in its order. However, "the trial court's use of Civ. R. 54(B) language 'does not turn an otherwise non-final order into a final appealable order.'" *Celebrezze v. Netzley*, 51 Ohio St.3d 89, 90, 554 N.E.2d 1292 (1990), quoting *Noble v. Colwell*, 44 Ohio St.3d 92, 96, 540 N.E.2d 1381 (1989).

**{¶14}** Finally, we are not persuaded by appellants' argument that judicial economy and efficient case management are best served by an immediate appeal. Our jurisdiction is limited to final orders, judgments, and decrees.

**{¶15}** Without a final, appealable order, this court lacks subject-matter jurisdiction over the matter. We have no choice but to dismiss the appeal.

**{¶16}** Appeal dismissed.

It is ordered that appellees recover from appellants costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, JUDGE

EILEEN T. GALLAGHER, P.J., and
PATRICIA ANN BLACKMON, J., CONCUR