[Cite as *Jasko v. Sirna Constr., Inc.*, 2026-Ohio-840.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

BRIAN JASKO,                                          :

    Plaintiff-Appellee,               :

                                               No. 115287

    v.                                             :

SIRNA CONSTRUCTION, INC. ET AL.,     :

    Defendants-Appellants.            :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** DISMISSED
**RELEASED AND JOURNALIZED:** March 12, 2026

---

Civil Appeal from the Cuyahoga County Common Pleas Court
Case No. CV-24-108703

---

### *Appearances:*

DannLaw, Marc E. Dann, Marita I. Ramirez, and Andrew M. Engel, *for appellee.*

Shapero & Green LLC, Brian Green, and Sean Burke, *for appellant* Lake Erie Solutions, LLC.

MICHELLE J. SHEEHAN, A.J.:

**{¶ 1}** This case highlights the effect a dismissal without prejudice has on an interlocutory default judgment issued against fewer than all named defendants. Defendant-appellant Lake Erie Solutions, LLC ("Lake") appeals from the trial

court's judgment entry denying its motion to vacate a default judgment. After thorough review of the record and relevant law, we dismiss this appeal for want of a final, appealable order.

## Procedural History and Relevant Facts

### A. Complaint

{¶ 2} On December 12, 2024, plaintiff-appellee Brian Jasko ("Jasko") filed a complaint against Sirna Construction, Inc. ("Sirna"), EJW Properties, LLC ("EJW"), Stan Konopa ("Konopa"), and defendant-appellant Lake. The complaint set forth the following claims against Sirna, EJW, and Lake: 1) breach of contract and 2) negligence. The complaint set forth the following claims against all defendants: 3) violation of the CSPA, knowing breach of contract, R.C. 1345.01, et seq.; 4) violation of the CSPA, failure to perform in a workmanlike manner, R.C. 1345.01, et seq.; 5) violation of the CSPA, pattern of inefficiency and incompetence, R.C. 1345.01, et seq.; 6) violation of the CSPA, failure to provide required receipts, R.C. 1345.01, et seq.; 7) violation of the Home Solicitation Sales Act and the FTC door-to-door sales rule, R.C. 1345.21, et seq. ("HSSA"); 8) violation of the CSPA and HSSA R.C. 1345.01, et seq.; and 9) violation of the CSPA Manuson-Moss Warranty Act R.C. 1345.01, et seq. The final cause of action in the complaint set forth the following claim against Sirna: 10) violation of the CSPA repair rule, Adm.Code 109:4-3-05.

**B. Default Judgment**

**{¶ 3}** On March 3, 2025, the trial court granted Sirna's motion to dismiss that it had filed on February 12, 2025. The court also ordered Jasko to file motions for default against all remaining defendants. Three days later Jasko filed a motion for default judgment against Lake.[1] Four days later, Jasko filed an amended complaint.

**{¶ 4}** On March 24, 2025, the trial court called the case for a default hearing. On the same date, the trial court issued a judgment entry stating, in relevant part: "Motion for default unopposed and granted. Supp JE to follow[.]" The court further directed the clerk to "serve this judgment in a manner prescribed by Civ.R. 5(B). The clerk must indicate on the docket the names and addresses of all parties, the method of service, and the costs associated with this service." The clerk complied the same day.

**{¶ 5}** On March 31, 2025 the trial court issued a supplemental default judgment entry. The order provided, in full:

> The Court considers the damages related to Plaintiff Brian Jasko's Motion for Default Judgment, granted against Defendants EJW Properties LLC and Lake Erie Solutions LLC by Order of Reference on March 24, 2025. Following the default hearing on March 24, 2025, and based upon Plaintiff's written testimony, the Court hereby awards Plaintiff Brian Jasko $23,878.80 in actual damages, $5,000.00 in non-economic damages as per O.R.C. § 1345.09(B), $71,636.40 in treble damages pursuant to O.R.C. § 1345.09(B), and $16,108.02 in attorney fees and costs, to be paid jointly and severally by the Defendants EJW Properties, LLC and Lake Erie Solutions, LLC. Additionally, post-

---

[1] On the same date, Jasko also filed a motion for default judgment against EJW that is not relevant to this appeal.

judgment interest at 5.0% shall be applied from the date of this entry until the debt is satisfied.

IT IS SO ORDERED

**{¶ 6}** On May 12, 2025, the court clerk filed a certificate of judgment, certifying the trial court's March 31, 2025 default judgment entry.

### C. Motion to Vacate

**{¶ 7}** On June 6, 2025, Lake filed a motion to vacate judgment, challenging the validity of the trial court's default judgment order against it.[2] A week later, the trial court denied Lake's motion to vacate.

### D. Case Dismissed

**{¶ 8}** Four days after the trial court denied Lake's motion to vacate, on June 17, 2025, the trial court dismissed the remainder of the case without prejudice, with respect to the remaining claims and defendants for "failure to prosecute."

### E. Notice of Appeal

**{¶ 9}** On July 2, 2025, Lake filed a notice of appeal from the trial court's June 13, 2025 judgment entry denying its motion for relief from judgment. Lake presents the following assignment of error for our review: "The trial court committed prejudicial error in granting default judgment against [Lake] after an amended complaint was filed."

### Law and Analysis

---

[2] Lake's motion states that it sought to vacate the May 12, 2025 certification, but both parties agreed at oral argument that Lake was actually challenging the trial court's default judgment order.

## Jurisdictional Question

**{¶ 10}** Prior to reviewing the merits of Jasko's arguments, we must first determine whether we have jurisdiction over this appeal. Our jurisdiction "is limited to final judgments and orders." *C.L.A. v. D.P.M.,* 2024-Ohio-836, ¶ 19 (8th Dist.), citing *Cooney v. Radostitz,* 2021-Ohio-2521, ¶ 12 (8th Dist.). *See also* Ohio Const., art. IV, § 3(B)(2). "Even if neither party raises a jurisdictional question, we must sua sponte dismiss an appeal if it is not taken from a final appealable order or judgment." *V.C. v. O.C.,* 2024-Ohio-344, ¶ 12 (8th Dist.), citing *Cooney* at ¶ 12 (prior to a review of the merits, a reviewing court "has a duty to examine, sua sponte, potential deficiencies in jurisdiction"); *see also Scanlon v. Scanlon,* 2012-Ohio-2514, ¶ 5 (8th Dist.) ("In the absence of a final, appealable order, the appellate court does not possess jurisdiction to review the matter and must dismiss the case sua sponte.").

**{¶ 11}** "For an order to constitute a final appealable order, the requirements of both R.C. 2505.02, and, if applicable, Civ.R. 54(B) must be met." *GrafTech Internatl. Ltd. v. Pacific Emps. Ins. Co.,* 2016-Ohio-1377, ¶ 6 (8th Dist.), citing *Lycan v. Cleveland,* 2016-Ohio-422, ¶ 21. "If a trial court's order is not final, then an appellate court has no jurisdiction to review the matter, and the matter must be dismissed." *Assunta Rossi Personalty Revocable Living v. Keehan,* 2023-Ohio-3710, ¶ 10 (8th Dist.), citing *Altenheim v. Januszewksi,* 2018-Ohio-1395, ¶ 8 (8th Dist.), citing *Gen. Acc. Ins. Co. v. Ins. Co. of N.Am,* 44 Ohio St.3d 17, 20 (1989).

{¶ 12} Here, Lake filed a motion to vacate the trial court's default judgment order against it that the trial court ultimately denied. Generally, a trial court's "judgment overruling a Civ.R. 60(B) motion for relief from a default judgment is a final appealable order." *Colley v. Bazell,* 64 Ohio St.2d 243 (1980), paragraph one of the syllabus. This presumes, however, that the judgment from which the movant seeks relief is a final order itself. When the underlying order itself is not a final judgment "Civ.R. 60(B) is not a proper procedural mechanism for relief and it cannot be used to convert an otherwise nonfinal judgment into a final appealable order." *Hack v. Keller,* 2015-Ohio-4128, ¶ 10 (9th Dist.), citing *Kalapodis v. Hall,* 2005-Ohio-2567, ¶ 10 (9th Dist.). If the judgment is not final, the denial of the Civ.R. 60(B) motion requesting the judgment be vacated is also not final. *Close v. Perry,* 2012-Ohio-2953, ¶ 20 (5th Dist.). *See also Bussa v. Hadsel Chem. Processing, LLC,* 2016-Ohio-5718, ¶ 9 (4th Dist.), quoting Painter and Pollis, *Ohio Appellate Practice,* § 2:17 (2015) (stating that "where there is no underlying final judgment, an order purporting to vacate a judgment is not a final order"). As such, "when the judgment from which relief is sought is not a final appealable order, 'then the motion is properly construed as a motion to reconsider and the court's order granting that motion is interlocutory.'" *Bussa* at ¶ 9, quoting *Fleenor v. Caudill,* 2003-Ohio-6513, ¶ 13 (4th Dist.).

{¶ 13} Thus, we must first determine whether the orders relevant to this appeal are final, appealable orders.

## A. The March 31, 2025 Default Judgment

**{¶ 14}** The trial court's March 31, 2025 default judgment entry is not a final, appealable order because it failed to include the mandatory Civ.R. 54(B) language stating that "there is no just reason for delay."

**{¶ 15}** If a case involves multiple parties or multiple claims, an order must meet the requirements of Civ.R. 54(B) to qualify as a final, appealable order. *Madfan, Inc. v. Makris,* 2015-Ohio-1316, ¶ 7 (8th Dist.). Civ.R. 54(B) provides:

> When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, *the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay.* In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

(Emphasis added.)

**{¶ 16}** Thus, without "mandatory language that 'there is no just reason for delay,' an order that does not dispose of all claims is subject to modification and is not final and appealable." *Madfan* at ¶ 8, citing *Noble v. Colwell,* 44 Ohio St.3d 92, 96 (1989), and *Deutsche Bank Natl. Co. v. Caldwell,* 2011-Ohio-4508, ¶ 9 (8th Dist.).

{¶ 17} Here, the March 31, 2025 default judgment entry was issued by the trial court against just two of the defendants, Lake and EJW. The claims against Sirna and Konopa were unaffected by this judgment. Furthermore, the trial court's March 31, 2025 default judgment entry does not include the mandatory Civ.R. 54(B) language that there was "no just reason for delay." As such, the court's March 31, 2025 default judgment is not a final, appealable order. *Madfan* at ¶ 10; *Thomas v. Roush,* 2011-Ohio-1705, ¶ 9 (4th Dist.) (finding that the trial court's failure to include mandatory Civ.R. 54(B) language that there was no just reason for delay rendered the judgment not a final, appealable order). Therefore, the trial court's denial of Lake's motion to vacate is also a nonfinal order.

## B. The Trial Court's June 17, 2025 Dismissal Without Prejudice

{¶ 18} On June 17, 2025, the trial court dismissed the case without prejudice "for failure to prosecute." Civ.R. 41(B)(3) provides that "[a] dismissal under division (B) of this rule and any dismissal not provided for in this rule . . . operates as an adjudication upon the merits *unless the court, in its order for dismissal, otherwise specifies."* (Emphasis added.) "An action dismissed without prejudice for failure to prosecute is a dismissal otherwise than on the merits, and as such, is not a final appealable order." *Ebbets Partners, Ltd. v. Day,* 2007-Ohio-1667, ¶ 11 (2d Dist.), citing *Thomas v. Freeman,* 79 Ohio St.3d 221, 225 fn. 2 (1997) (noting that a *dismissal without prejudice* is an adjudication *otherwise than on the merits*). Since the trial court's June 17, 2025 judgment entry was dismissed without prejudice and

was not an adjudication on the merits of claims presented, it is not a final, appealable order.

{¶ 19} When a trial court enters an involuntary dismissal pursuant to Civ.R. 41(B) that is not on the merits, all pending interlocutory orders are dissolved upon the dismissal of the case. *Auto-Owners Mut. Ins. Co. v. Checker Cab, Inc.,* 123 Ohio App.3d 104, 109 (6th Dist. July 30, 1996), citing *Cent. Mut. Ins. Co. v. Bradford-White Co.,* 35 Ohio App.3d 26 (6th Dist. Feb. 20, 1987), syllabus (holding that "[w]hen the trial court renders a judgment entry without an express determination that there is no just reason for delay, and where multiple claims remain pending for adjudication, said entry is dissolved if the court subsequently enters an involuntary dismissal against the plaintiff's complaint, pursuant to Civ.R. 41(B)(1) and otherwise than on the merits"); *Persolve Recoveries, LLC v. Agin,* 2021 Ohio App. LEXIS 1681, * 5 (5th Dist. May 21, 2021) (noting that "where a cause is dismissed without prejudice and otherwise than on the merits pursuant to Civ.R. 41(B)(1), the parties are left in the same position as if the plaintiff had never brought the action"). *See also Hutchinson v. Beazer E., Inc.,* 2006-Ohio-6761, ¶ 23 (recognizing that "when an entire action is dismissed without prejudice pursuant to Civ.R. 41(A), as opposed to only certain claims or parties, interlocutory orders which do not contain Civ.R. 54(B) language that there is no just reason for delay are dissolved and are not appealable"); *May v. Shannon,* 2017-Ohio-9361, ¶ 14 (5th Dist.) (holding that an "[a]ppellant's dismissal of the action did not create a final appealable order, but instead nullified the trial court's interlocutory orders"); *Fisher*

*v. Malik,* 2015-Ohio-1008, ¶ 18 (10th Dist.) (holding that "a voluntary dismissal without prejudice under Civ.R. 41(A) as to all defendants renders a prior interlocutory summary judgment ruling a nullity").

**{¶ 20}** The trial court's June 17, 2025 entry dismissing the case without prejudice for Jasko's failure to prosecute is not a final, appealable order. And upon the entry of the court's dismissal order, each of the interlocutory orders issued by the court, including the trial court's March 31, 2025 default judgment entry that failed to include the mandatory Civ.R. 54(B) language, were dissolved. There remains no final, appealable order for this court to review, so this appeal must be dismissed.

**{¶ 21}** Accordingly, the appeal is dismissed.

It is ordered that appellee recover of appellant costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHELLE J. SHEEHAN, ADMINISTRATIVE JUDGE

SEAN C. GALLAGHER, J., and
DEENA R. CALABRESE, J., CONCUR