[Cite as *Hochevar v. Polaris Career Ctr. Bd. of Edn.*, 2026-Ohio-1969.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

EDWARD HOCHEVAR,                    :

    Plaintiff-Appellant,       :

                                       No. 115444

    v.                                :

POLARIS CAREER CENTER BOARD
OF EDUCATION, ET AL.,              :

    Defendants-Appellees.      :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:**  DISMISSED
**RELEASED AND JOURNALIZED:**  May 28, 2026

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-24-993649

---

### *Appearances:*

Ryan, LLP, Thomas P. Ryan, and Daniel J. Ryan, *for appellant.*

Reminger, Co., LPA, Holly Marie Wilson, and Julie Grace VanVliet, *for appellees* Polaris Career Center, Polaris Career Center Board of Education, Polaris Joint Vocational School District, Polaris Joint Vocational School District Board of Education, and Susan Vigh.

David Yost, Attorney General of Ohio; Amer Cunningham Co., L.P.A., Jack Morrison, Jr., and Jeananne M. Wickham, *for appellees* Cuyahoga Community College, Patrick Finneran, Steven Colbert, Matt Garan, David Stump, and Paul Tepley.

Weston Hurd, LLC, William A. Peseski and Rebecca Singer-Miller, *for appellee* Olmsted Falls City School District Board of Education.

DEENA R. CALABRESE, J.:

{¶ 1} Plaintiff-appellant Edward Hochevar ("Hochevar") appeals the trial court's order granting four motions for summary judgment. The appeal is dismissed because the trial court's order does not dispose of all parties.

**Relevant Procedural History**

{¶ 2} On February 29, 2024, Hochevar filed the initial complaint in this case. The complaint named the following defendants: Polaris Career Center, Polaris Joint Vocational School District, Cuyahoga Community College, Cuyahoga Community College-Western Campus, Olmsted Falls City School District, Olmsted Falls City School District Board of Education, Patrick Finneran, Susan Vigh, Paul Tepley, David Stump, Matt Garan, and Steve Colbert.

{¶ 3} On July 11, 2024, Hochevar filed a first amended complaint. Hochevar's first amended complaint removed Cuyahoga Community College-Western Campus and Olmsted Falls City School District as defendants. The first amended complaint also added new party defendants Polaris Career Center Board of Education and Polaris Joint Vocational School District Board of Education.

{¶ 4} On June 2 and 3, 2025, the following parties filed a total of four motions for summary judgment: (1) defendant Cuyahoga Community College, filed on June 2, 2025; (2) defendants Patrick Finneran, Steve Colbert, Matt Garan, David

Stump, Paul Tepley, filed on June 2, 2025; (3) defendant Olmsted Falls City School District Board of Education, filed on June 3, 2025; and (4) defendants Polaris Career Center, Polaris Joint Vocational School District, and Susan Vigh, filed on June 3, 2025. The fourth motion for summary judgment, filed by defendants Polaris Career Center, Polaris Joint Vocational School District, and Susan Vigh, is relevant here.

{¶ 5} On August 13, 2025, the trial court issued a journal entry granting each of the four motions for summary judgment. This appeal followed, with Hochevar raising six assignments of error for review.

{¶ 6} On January 1, 2026, this court issued an order directing the parties to file supplemental briefs to address whether the trial court's August 13, 2025 order disposed of all defendants and constitutes a final appealable order.

**Law and Analysis**

{¶ 7} Pursuant to Ohio Const., art. IV, § 3, "[c]ourts of appeals shall have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district[.]" "In the absence of a final, appealable order, the appellate court does not possess jurisdiction to review the matter and must dismiss the case sua sponte." *Deutsche Bank Natl. Co. v. Caldwell*, 2011-Ohio-4508, ¶ 6 (8th Dist.), citing *St. Rocco's Parish Fed. Credit Union v. Am. Online*, 2003-Ohio-420, ¶ 9 (8th Dist.).

{¶ 8} "For an order to constitute a final appealable order, the requirements of both R.C. 2505.02, and, if applicable, Civ.R. 54(B) must be met." *GrafTech*

*Internatl. Ltd. v. Pacific Emps. Ins. Co.*, 2016-Ohio-1377, ¶ 6 (8th Dist.), citing *Lycan v. Cleveland*, 2016-Ohio-422, ¶ 21.

{¶ 9} In this case, the trial court's entry does not include the mandatory Civ.R. 54(B) language that there was "no just reason for delay." Defendants assert that this court should remand this case with instructions to the trial court to reissue the order to include the Civ.R. 54(B) language. A limited remand with instructions to add the language does not foreclose dismissal of the appeal in this case. The Ohio Supreme Court has found that

> the mere incantation of the required language does not turn an otherwise non-final order into a final appealable order. *Cooper v. Cooper*, 14 Ohio App. 3d 327 (8th Dist. 1984); *Douthitt v. Garrison*, 3 Ohio App. 3d 254 (9th Dist. 1981); *R & H Trucking, Inc. v. Occidental Fire & Cas. Co.*, 2 Ohio App. 3d 269. The order at issue must always fit into at least one of the three categories of final order set forth in R.C. 2505.02. *General Electric Supply Co. v. Warden Electric, Inc.*, 38 Ohio St. 3d 378 (1988).

*Noble v. Colwell*, 44 Ohio St.3d 92, 96 (1989). A review of the record reveals that the addition of the "no just cause for delay" language would not transform the trial court's order into a final appealable order.

{¶ 10} In addition, we do not agree with defendants Polaris Career Center, Polaris Career Center Board of Education, Polaris Joint Vocational School District, Polaris Joint Vocational School District Board of Education, and Susan Vigh's (collectively "Polaris defendants") assertion that their motion for summary judgment included all four Polaris defendants. The Polaris defendants concede that Polaris Career Center Board of Education and Polaris Joint Vocational School

District Board of Education were not named in their motion for summary judgment; however, they assert they "inadvertently misidentified" all parties and that the "unintentional oversight carries no weight and does not alter the fact that the trial court still granted summary judgment to these entities." We do not agree. Their motion for summary judgment filed with the trial court on June 2, 2025, was clearly filed on behalf of defendants Polaris Career Center, Polaris Joint Vocational School District, and Susan Vigh only. Further, the trial court's order clearly granted summary judgment to defendants Polaris Career Center, Polaris Joint Vocational School District, and Susan Vigh only.

{¶ 11} In addition, the trial court cannot grant summary judgment in favor of a nonmoving party. "Civ.R. 56 does not authorize courts to enter summary judgment in favor of a non-moving party." *State ex rel. J.J. Detweiler Ents. v. Warner*, 2004-Ohio-4659, ¶ 12, quoting *Marshall v. Aaron*, 15 Ohio St.3d 48, syllabus (1984). In this case, it is not disputed that defendants Polaris Career Center Board of Education and Polaris Joint Vocational School District Board of Education did not move for summary judgment.

{¶ 12} Because the trial court's order does not dispose of all parties to this litigation, we agree with Hochevar's contention that the judgment is not a final appealable order under R.C. 2505.02 and Civ.R. 54(B) and is not subject to review at this time. The appeal is dismissed.

It is ordered that appellee recover from appellant costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
DEENA R. CALABRESE, JUDGE

EILEEN T. GALLAGHER, P.J., and
EMANUELLA D. GROVES, J., CONCUR